## STARKE, Respondent, vs. WOLF, Appellant.

*May 18 — June 20, 1895.*

*Written contract: Prior oral agreement: Evidence: Commission on sale:*
*Broker becoming purchaser: Taking documents to jury room.*

1. An oral agreement by defendant, the president and principal stock-
   holder of a corporation, to pay plaintiff a commission if he would
   procure a purchaser or purchasers for the property of the corpo-
   ration at a certain price, it being understood that plaintiff might
   become one of the purchasers, is *held* not to have been merged in
   or superseded by a subsequent written contract for the sale of the
   property at said price by the corporation to plaintiff, who, with
   others, was forming a new corporation to make the purchase.
2. Defendant having known that plaintiff intended to associate others
   with him to make the purchase, the plaintiff, who had no discre-
   tion as to price, did not occupy inconsistent positions.
3. In an action upon the oral agreement there was no error in refus-
   ing to allow defendant to cross-examine plaintiff in regard to a
   prior option which had expired, nor in excluding evidence as to
   who were stockholders in the new corporation.
4. The trial court has a very broad discretion in the matter of allow-
   ing the jury to take to their room written instruments which
   have been offered in evidence.

APPEAL from a judgment of the circuit court for Racine
county: FRANK M. FISH, Circuit Judge. *Reversed.*

The complaint alleges, in effect, that in September or Oc-
tober, 1891, the defendant represented to the plaintiff that
he was the owner of at least seven eighths of all the stock
and property of the Wolf & Davidson Dry Dock Company
of Milwaukee, and had control and management of the other
one-eighth interest, and could and would control the sale of
the entire property; that he was very anxious to sell out
all the property and interest he had in and to said com-
pany; that, if the plaintiff would procure a purchaser or
purchasers for all the real estate and personal property of
the company, with the exception of one vessel named, at a

price not less than $237,500 for the whole, the defendant would pay to the plaintiff upon the completion of such sale, for his commission and services therefor, $2,500; that it was understood and agreed by and between them that, in order to effect such sale, it would be necessary to interest a good many persons in making such purchase, and that it was further agreed that the said plaintiff should have such an interest in the property himself as he would be able to pay for; that it was finally understood and agreed that the plaintiff should undertake to find persons who would join the plaintiff in the purchase of said property, and that, if the plaintiff succeeded in getting enough persons who would join him in the purchase of said property for the sum named, the defendant would, upon the completion of such sale, pay to the plaintiff for his services in effecting the same the sum of $2,500; that to effect such sale the said defendant executed and delivered to the plaintiff a contract in writing, dated October 29, 1891, whereby the plaintiff agreed to pay or cause to be paid to the said Wolf & Davidson Dry Dock Company, its successors or assigns, the sum of $237,500 for said property, at the times and in the manner therein mentioned; that in pursuance of said negotiations and agreement the plaintiff undertook to find and did find persons who joined him in the purchase of said property, and upon the terms and conditions mentioned in said contract; that the plaintiff and other persons whom he did procure did purchase said property upon the terms set forth in said contract, and paid to the dry dock company the sum of $237,500 by direction of the defendant within the time mentioned in said contract, and the said premises were thereupon conveyed and transferred to the plaintiff accordingly; that upon the full completion of said sale the plaintiff demanded of the defendant the payment of said sum of $2,500, but the defendant refused to pay the same, and denied his liability therefor. The complaint also alleges another cause of ac-

tion for $200 commission on the sale of the schooner Helena for the sum of $10,000. The answer of the defendant was a general denial.

At the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed his damages at $2,935. From the judgment entered thereon the defendant appeals.

For the appellant there was a brief by *Dalberg & Becker,* and oral argument by *S. W. Dalberg.*

For the respondent there was a brief by *Austin & Fehr,* and oral argument by *W. H. Austin.*

CASSODAY, J. It is conceded that the verdict is against the plaintiff so far as his claim for $200 commission on the sale of the schooner Helena is concerned, and hence that branch of the case requires no further consideration.

Most of the errors assigned are based upon the theory that the agreement of the defendant to pay the plaintiff a commission of $2,500 for obtaining a purchaser or purchasers or forming a syndicate to purchase and the purchasing of the dry dock property belonging to the Wolf & Davidson Dry Dock Company, of which the defendant was at the time a very large stockholder and the president and managing officer, was merged in and superseded by the written agreement entered into by the plaintiff and the dry dock company, October 29, 1891, wherein the plaintiff in terms agreed "to pay or cause to be paid" to that company, its successors or assigns, $237,500, at the times and in the manner therein mentioned, for the dry dock property. The contract of October 29, 1891, contained a clause to the effect that the plaintiff was to hold the premises from the date thereof as the tenant at sufferance of the company, subject to be removed as tenant at will holding over in case of any default. By deed executed December 14, 1891, the dry dock company conveyed that property to the plaintiff, and that deed was recorded December 28, 1891. By deed executed and recorded

December 29, 1891, the plaintiff conveyed the same property to the Milwaukee Dry Dock Company, which had been created and organized under the laws of this state, through the agency of the plaintiff, between October 29, 1891, and December 29, 1891, and that company, or the incorporators thereof, furnished the money with which the several payments mentioned in the contract of October 29, 1891, were made according to that contract. Neither the contract of October 29, 1891, nor any subsequent paper contains any mention or reference to any commission or pay for any service performed or rendered by the plaintiff in effecting such sale. The important question presented is whether all evidence of the negotiations in respect to such sale and the promise of the defendant to pay $2,500 for procuring a purchaser of the property, prior to the written contract of October 29, 1891, should have been excluded by the trial court.

The facts in the record bring the case squarely within the principles of law stated in the opinion of Mr. Justice WINSLOW in *Riemer v. Rice*, 88 Wis. 16. The conclusion there reached, as stated in the syllabus, is that "a written option to purchase land does not necessarily supersede a prior oral contract of agency between the same parties for the sale of the same land on commission, whether the option be regarded as an independent contract or merely as a writing to be used by the agent to show his authority to make a sale; and in either case the contract of agency may be shown by parol." That conclusion was only reached after very careful consideration, and we have no disposition to renew the discussion. It follows that the numerous objections to the admission of such evidence were properly overruled, and the numerous requests to instruct the jury, to the effect that the law applicable was different than thus held, were properly refused.

The defendant knew that the plaintiff was unable personally to buy the property, and that he intended to associate others with him in some way in order to make the purchase.

The plaintiff had no discretion as to price, and we do not think there is any warrant for claiming that he occupied inconsistent positions. There was no error in refusing to allow the defendant to cross-examine the plaintiff in regard to an option which expired September 30, 1891. We perceive no error in excluding evidence as to who were stockholders of the Milwaukee Dry Dock Company. The charge of the trial court appears to fully and fairly state the law applicable to the case, and we find in it no reversible error.

There was no error in refusing the defendant's request to allow the jury to take to their room the several contracts, deeds, and bill of sale offered in evidence by the defendant. The trial court must necessarily have a very broad discretion in such matters, and in the ruling made we find no abuse of it.

The court charged the jury to the effect that, if they found from the evidence and the law given them in the charge that the plaintiff was entitled to the commission of $2,500, then they were at liberty to allow him interest thereon from October 29, 1891. In computing such interest it is conceded that the jury, by some inadvertence, made the amount $62.94 too large, and the plaintiff now offers to remit that amount. But, under the well-established practice and rule of this court, the judgment is reversed, and the cause is remanded for a new trial, subject, however, to an option on the plaintiff's part to remit such excess and take judgment for the balance. Supreme Court Rule XXXII.

*By the Court.*— Ordered accordingly.