BECKER, Appellant, v. BARNES and another, Respondents.

*No. 229. Argued February 3, 1971.—Decided March 2, 1971.*
(Also reported in 184 N. W. 2d 97.)

For the appellant there was a brief by *Heide, Sheldon, Hartley, Thom & Wilk* and *W. A. Sheldon,* all of Kenosha, and oral argument by *W. A. Sheldon.*

For the respondents there was a brief by *Heft, Coates, Heft, Henzl & Bichler* and *Robert H. Bichler,* all of Racine, and oral argument by *Robert H. Bichler.*

HEFFERNAN, J. The only question on this appeal is whether there was any credible evidence which, under a reasonable view, supports the jury's finding. We are satisfied that there is such evidence and that judgment must be affirmed.

The plaintiff, Becker, stated that on the date in question he left the American Motors plant with a large number of other employees and was proceeding across 30th Avenue to a parking lot. As he neared the center of the road, he stated that a car approached from the south and struck him on the left knee and left hand, and that he sustained his injuries as a result of this striking. He testified that he recognized the driver of the car as the defendant, Barnes. Two other witnesses, who were in close proximity to Becker, testified that they saw the car strike Becker and testified that Barnes was the driver of the vehicle. There was sufficient credible evidence for a jury to conclude that Barnes was the driver of the car that in fact struck the plaintiff.

Barnes' version of the incident is in contradiction to the testimony of Becker and his corroborating witnesses. Defendant Barnes testified that he was on the same shift as the plaintiff, that he drove his vehicle and turned onto 30th Avenue, but that he did not hear anything come in contact with his car and he heard no shouting from the pedestrians indicating that there had been an accident. He testified that after the accident was reported, he examined his vehicle and there were no marks that would indicate that there had been any striking of a pedestrian. The testimony of Barnes was corroborated by a fellow employee, who stated that he was driving his automobile directly behind the car operated by Barnes in the vicinity of where the accident allegedly took place. He stated that he saw people at the curb, that he observed carefully, that he was only one to one and one-half car lengths behind Barnes, and that he saw no pedestrian come into contact with Barnes nor did he hear any pedestrians make any unusual noises indicating that a collision had occurred.

The applicable rule in reviewing a jury verdict or finding of fact is whether there is any credible evidence which, under a reasonable view, admits to an inference which supports the verdict. *Delaney v. Prudential Ins. Co.* (1966), 29 Wis. 2d 345, 139 N. W. 2d 48. This is especially true where the verdict, as here, had the approval of the trial court.

The evidence on review in this court must be viewed in a light most favorable to the verdict or finding. *St. Paul Fire & Marine Ins. Co. v. Burchard* (1964), 25 Wis. 2d 288, 293, 130 N. W. 2d 866. While there is clearly disputed evidence and there would be credible evidence which would support either an affirmative or negative finding by the jury, the only question is whether there was any credible evidence to support the verdict that was returned. It was the jury's function to determine the credibility of the witnesses. Under the facts

as we view them from the record, the jury could have either believed or disbelieved either set of witnesses. This court cannot usurp the function of the jury where the question is one of credibility, and we must defer to the jury's judgment in a case of this kind. *Lisowski v. Chenenoff* (1968), 37 Wis. 2d 610, 155 N. W. 2d 619. It is only when testimony upon which the jury relies is incredible as a matter of law that a court is permitted to upset an otherwise proper jury verdict.

The plaintiff, however, asserts the legal position that all the "positive testimony" presented at the trial supports his position. Implicit in his argument is that the testimony of Barnes and his supporting witness is "negative testimony." It is true, of course, that testimony which denies the happening of an event because the witness was not in a position to know whether or not the event took place is entitled to little or no probative value. However, the mere fact that the testimony negates the occurrence of an event does not make such testimony infirm when, as here, the witnesses state they were in a position to know what happened and when they state that the act alleged did not occur. This is "positive testimony" and is entitled to the same credibility in the eyes of the law as other testimony. This court has interpreted "positive testimony" to include testimony that an event did not occur when the testimony was that of a witness who was in a position to observe and to make the observations that the event did not occur. *Suts v. Chicago & N. W. Ry. Co.* (1931), 203 Wis. 532, 234 N. W. 715. In the instant case the testimony was positive in nature though it negated the plaintiff's assertions.

We conclude from a review of the record that there was credible evidence to support the jury's verdict. The judgment must therefore be affirmed.

*By the Court.*—Judgment affirmed.