SHOEMAKER and husband, Appellants, v. MARC'S BIG BOY and others, Respondents.*

*No. 242. Argued June 1, 1971.—Decided June 25, 1971.*
(Also reported in 187 N. W. 2d 815.)

* Motion for rehearing denied, with costs, on September 8, 1971.

612

For the appellants there was a brief by *Rudolph &
Moore* of Milwaukee, and oral argument by *Amory O.
Moore.*

For the respondents there was a brief by *Heft, Coates,
Heft, Henzl & Bichler* and *Robert H. Bichler,* all of
Racine, and oral argument by *Robert H. Bichler.*

HEFFERNAN, J.   Although the complaint stated causes
of action for a violation of the safe-place statute and for
common-law negligence, the action for common-law negli-
gence was not pursued, and the case was submitted to

the jury under the safe-place statute. That statute, sec. 101.06, Stats., provides:

"Every employer shall furnish employment which shall be safe for the employes therein and shall furnish a place of employment which shall be safe for employes therein and for frequenters thereof and shall furnish and use safety devices and safeguards, and shall adopt and use methods and processes reasonably adequate to render such employment and places of employment safe, and shall do every other thing reasonably necessary to protect the life, health, safety, and welfare of such employes and frequenters. . . ."

This statute does not impose an absolute duty of an employer to insure the safety of frequenters on the premises. In order to impose liability, the defendant must have either actual or constructive notice of the unsafe conditions. *Wittka v. Hartnell* (1970), 46 Wis. 2d 374, 175 N. W. 2d 248; *Merriman v. Cash-Way, Inc.* (1967), 35 Wis. 2d 112, 150 N. W. 2d 472. The jury's findings must be upheld if there is any credible evidence which under a reasonable view admits to an inference which supports the verdict. *Becker v. Barnes* (1971), 50 Wis. 2d 343, 184 N. W. 2d 97. This is especially true where, as here, the verdict has the approval of the trial court. *Capello v. Janeczko* (1970), 47 Wis. 2d 76, 176 N. W. 2d 395. The evidence must be viewed in a light most favorable to the jury's verdict. *St. Paul Fire & Marine Ins. Co. v. Burchard* (1964), 25 Wis. 2d 288, 130 N. W. 2d 866.

Applying these tests to the instant case, it is apparent that the jury could have found that there was no evidence to show that the defendants had either actual or constructive notice of any foreign substance on the floor. There was also evidence from which the jury could have concluded that reasonable precautions were taken to make sure that the floor was free of slipperiness. There was no evidence from which the jury could have determined the length of time that any slippery substance was

present on the floor, and the only evidence of any foreign substance on the floor was the testimony of the plaintiff Joyce Shoemaker, which could have been disbelieved by the jury. We are satisfied that there was evidence to support the jury's verdict that the defendant was free of negligence.

The jury could also have concluded that the fall could have been caused by snow brought into the place of business on Joyce Shoemaker's shoes. Although Joyce Shoemaker denied that there was any snow on her shoes, a waitress at the restaurant testified that she noticed snow on the toes of Joyce Shoemaker's shoes and a puddle of water under her feet as she sat on the chair after the accident. While this evidence would only tend to prove negligence on the part of Joyce Shoemaker and not upon the defendants, the plaintiffs contend that the failure to find any negligence on the part of the plaintiff is evidence of the inconsistency of the verdict and that, therefore, the verdict must be set aside. This evidence was before the jury, and it was for the jury to determine what weight they wished to give to the testimony of the waitress; and it was for the jury to determine whether it was negligence for Joyce Shoemaker not to observe snow on her shoes or to fail to wipe them as she entered the restaurant. The jury was not obligated as a matter of law to find the plaintiff negligent, nor can we do so on this appeal. The answers to the negligence questions were not inconsistent, and the jury verdict that both parties were free of negligence is supported by the evidence.

Additionally, plaintiffs claim that the trial court erred in excluding the statement that the bus boy allegedly made to Joyce Shoemaker immediately after her fall. Joyce Shoemaker stated that she asked him what was used on the floors, and he said, "Well, they had just waxed the floors." The trial court properly excluded this statement, adhering to the rule which this court follows

that the statements of an agent or employee are not admissible as declarations against interest unless it is shown that the agent had express or implied authority to speak for the principal or the employer or that the agent had authority to bind the principal or employer by his admissions. *Rudzinski v. Warner Theatres* (1962), 16 Wis. 2d 241, 114 N. W. 2d 466; *Grunwald v. Halron* (1967), 33 Wis. 2d 433, 147 N. W. 2d 543. No testimony was elicited to show that circumstances existed which would permit the use of the bus boy's statements as admissions against the employer's interest.

The plaintiffs also contend that the testimony was admissible as a part of the *res gestae* of the accident. In *Rudzinski, supra,* page 247, this court approved Rule 512 of the American Law Institute's *Model Code of Evidence*. That rule provides:

"Evidence of a hearsay statement is admissible if the judge finds that the hearsay statement was made (a) while the declarant was perceiving the event or condition which the statement narrates or describes or explains, or immediately thereafter; or (b) while the declarant was under the stress of a nervous excitement caused by his perception of the event or condition which the statement narrates or describes or explains." (P. 262)

It is apparent that the statement of the bus boy was not an excited utterance admissible under (b) of the rule. Nor can we agree with plaintiffs' claim that the statement was admissible under subsection (a) of Rule 512, which is referred to by McCormick as the "Unexcited Declarations of Present Sense Impressions." McCormick, *Evidence*, p. 584, sec. 273. This exception to the hearsay rule is not applicable, for the event related —the waxing of the floor—was not contemporaneous with the utterance but had occurred at some prior and undisclosed time. *State v. Smith* (1967), 36 Wis. 2d 584, 153 N. W. 2d 538.

Plaintiffs also urge that the statement should have been admitted to impeach prior utterances of the store manager and of the carry-out manager. Extrajudicial statements of a hearsay nature may be used to impeach a witness on the theory that one who gives testimony inconsistent with his prior statements is subject to having the truthfulness of both statements attacked. Prior inconsistent statements are admissible under a recognized exception to the hearsay rule. *Foryan v. Firemen's Fund Ins. Co.* (1965), 27 Wis. 2d 133, 133 N. W. 2d 724. The generally recognized purpose of permitting inconsistent prior statements is, however, not to show the truth of the matters asserted therein but merely to show inconsistency of testimony—although this court has ruled that in certain circumstances, not present here, impeaching statements may be used as substantive evidence. *Gelhaar v. State* (1969), 41 Wis. 2d 230, 163 N. W. 2d 609. The great difficulty, however, in plaintiffs' theory is simply that the statement of the bus boy is not a statement of a witness sought to be impeached irrespective of the inconsistency of that statement with the statements of the store manager. The testimony of the bus boy was obviously not elicited as an exception to the hearsay rule to show inconsistent statements of the same witness, but was sought merely for the purpose of asserting the truth of the bus boy's alleged statement. A statement of this nature is totally unlike the use of a prior inconsistent statement of a witness who has in fact appeared and testified contrary to his earlier statement. What was sought to be offered was pure hearsay, not admissible under any exception to the rule.

It should be pointed out, however, that an accident report was admitted into evidence and read to the jury. This report contained the statement of the bus boy that the floor was dry after Joyce Shoemaker's fall but that it had previously been waxed. Although this report was admitted into evidence and read to the jury, the trial

judge refused to permit the accident report to be taken to the jury room. On motions after verdict, the trial judge pointed out that much of the testimony in the written report was cumulative to the testimonial evidence and he did not wish to overemphasize the written statements of the report.

In *Bash v. Employers Mut. Liability Ins. Co.* (1968), 38 Wis. 2d 440, 157 N. W. 2d 634, this court held that it was discretionary with the trial judge to determine what exhibits would be permitted in the jury room. *See also:* McCormick, *supra,* pp. 393, 394, sec. 184.

In the instant case we are satisfied that the trial judge properly exercised his discretion in withholding the written report from the jury's deliberations.

*By the Court.*—Judgment affirmed.