SCHNEPF and wife, Appellants, v. ROSENTHAL and others, Respondents.

*No. 138. Argued November 1, 1971.—Decided January 4, 1972.*
(Also reported in 193 N. W. 2d 32.)

For the appellants there was a brief by *Colwin* Law Offices of Fond du Lac, and oral argument by *Raymond R. Colwin.*

For the respondents there was a brief and oral argument by *Walter Eugene Brown* of Milwaukee.

WILKIE, J.  The first issue on this appeal is: Did the trial court abuse its discretion in allowing a police report which had been received in evidence to go into the jury room over the objection of appellants' counsel?

On the question of responsibility for this accident, the crucial concern of the jury was over the place of impact and the related factual determination of the extent of the protrusion of the Schnepf car into the Rosenthal traffic lane.  There is no doubt at all that the Schnepf car was over the center line and the whole inquiry is as to the extent of that intrusion.  During the trial a police report on the accident was produced (Exhibit No. 5).  When it was first offered in evidence objection was made and the objection was sustained.  Sec. 346.73 (2), Stats., provides: "No written accident report . . . shall be used as evidence in any trial . . . ."  It has been held that these reports are inadmissible even in the absence of the statute and that they should not be permitted into the jury room.[1]

At a later point in the trial, the defendants reoffered the exhibit and this time the plaintiffs' counsel stated he had no objection and accordingly, the court received the exhibit into evidence.  Subsequently, in his summation, counsel for defendants referred to the police report and specifically to a statement reported there on one of the three pages of the exhibit, the statement having been made by the witness, Mrs. Werner, who was credited with saying:

". . . The cab crossed the center line and stopped when a veh came from the south and struck the cab

[1] *Wilder v. Classified Risk Ins. Co.* (1970), 47 Wis. 2d 286, 292, 294, 177 N. W. 2d 109.

in the northbound lane. It appeared the northbound veh attempted to veer to the east or to the right attempting to avoid a collision."

Defendants' counsel told the jury that it would have the opportunity to examine the report in the jury room.

Plaintiffs' counsel did not object to this procedure at this point. However, just before the jury retired, plaintiffs' counsel did object, noting that the exhibit as it was going to the jury contained (on a page different from that containing the reported statement) a drawing with a mark showing that the plaintiff's car was well over the center line into the Rosenthal lane of traffic to the extent that the left front end of the Schnepf car was almost to the center of Rosenthal's lane of traffic.

In discussing the matter, the trial court correctly noted that when an exhibit is received it does not automatically go to the jury room. The trial court concluded that the exhibit should go to the jury room, observing that if the exhibit was not to go there the approach of defendants' counsel during final argument would have been different.

It is well settled that "[a] trial court is vested with broad discretion in the matter of allowing the jury to take to its room written instruments admitted into evidence." [2]

Although the plaintiffs had waived the inadmissibility of the exhibit due to counsel's failure to object at the time the final offer in evidence of the police report was made (indeed counsel stated that he had no objection), the trial judge still retained discretion to determine whether or not this evidence should be allowed to go to.

[2] *Bash v. Employers Mut. Liability Ins. Co.* (1968), 38 Wis. 2d 440, 456, 157 N. W. 2d 634; *see also: Starke v. Wolf* (1895), 90 Wis. 434, 438, 63 N. W. 755; *Shoemaker v. Marc's Big Boy* (1971), 51 Wis. 2d 611, 619, 187 N. W. 2d 815; McCormick, *Evidence* (hornbook series), pp. 393, 394, sec. 184.

the jury room. We think that under all of the circumstances the trial court did not abuse its discretion in allowing the exhibit to go to the jury room.

The second issue presented on this appeal is whether a new trial should be granted in the interest of justice under sec. 251.09, Stats. In our opinion the fact that Exhibit No. 5 was received and allowed to go to the jury room played too heavy a part in the jury's final determination of the apportionment of negligence as between the plaintiff and the defendant and more particularly on the exact location of the point of impact between the two vehicles. There was evidence from Mrs. Werner that the Schnepf taxicab was only a foot or so over the center line into the Rosenthal traffic lane. It is true that Rosenthal places it much further over in his lane of traffic. The photographs show considerable damage to the left front part of the Rosenthal car and to most of the front, excluding the right front corner, of the Schnepf taxi. These photographs are consistent with the plaintiff's version of the accident, that he had started to cross the center line and that Rosenthal, speeding, did not make sufficient attempt to go around the plaintiff in the remaining part of the traffic lane that was available to him, together with the shoulder area. The photographs do not absolutely establish that the impact took place in the center of Rosenthal's lane as he testified.

The photographs show no damage to the right side of the Schnepf taxicab and, therefore, minimize the amount of left turn that Schnepf had actually accomplished by the time of the impact.

Under these circumstances, the fact that Exhibit No. 5, with the officer's drawing of the location of the actual collision, was permitted to go to the jury in our opinion had an undue influence and, as a result, justice has prob-

ably miscarried and the verdict was against the great weight of the evidence requiring a new trial in the interest of justice under sec. 251.09, Stats.[3]

While this court is reluctant to interfere with a jury's apportionment of negligence, it will do so when such apportionment, as in this case, is grossly disproportionate in light of the facts of the case.[4]

Moreover, it is clear from the record that certain answers to questions concerning damages were erroneously computed. In entering the answer of $800 for future dental expenses and $860 for past wage loss, it is apparent that the jury did not find the full amount of the damages, but took it upon itself to multiply the damages by the 40 percent negligence of the defendant. This is true because the uncontradicted testimony as to future dental expenses was $1,500 to $2,000 and the jury award of $800 is obviously 40 percent of $2,000. The uncontradicted testimony as to wage loss from November 6, 1968, to September 19, 1969, was to the effect that Schnepf's earnings were $50 a week, or $2,150 for the forty-three-week period. When multiplied by 40 percent, this yields the jury verdict of $860. Since there is going to be a new trial on negligence, it is obvious to us that there should also be a new trial on the issue of damages.

*By the Court.*—Judgment reversed and cause remanded for a new trial consistent with this opinion.

---

[3] *Vanderkarr v. Bergsma* (1969), 43 Wis. 2d 556, 569, 168 N. W. 2d 880.

[4] *Klinzing v. Huck* (1970), 45 Wis. 2d 458, 468, 173 N. W. 2d 159, and cases cited therein.