**Emil PERZINSKI, Plaintiff-Appellee,**

v.

**CHEVRON CHEMICAL COMPANY,
Defendant-Appellant.**

**No. 73–1490.**

United States Court of Appeals,
Seventh Circuit.

Argued April 12, 1974.

Decided Sept. 19, 1974.

Rehearing Denied Nov. 15, 1974.

Bradway A. Liddle, Jr. and James F. Lorimer, Madison, Wis., for defendant-appellant.

Hiram D. Anderson, Jr., Stevens Point, Wis., for plaintiff-appellee.

Before CUMMINGS, PELL and STEVENS, Circuit Judges.

PELL, Circuit Judge.

Plaintiff-appellee Emil Perzinski brought this action to recover damages

resulting from a reduction in yield of his 1968 potato crop. Perzinski claimed that the damage to his crop was caused by the application of Paraquat, a herbicide distributed by the defendant Chevron Chemical Company. The jury returned a verdict in favor of the plaintiff and Chevron appeals.

Although the issues raised by Chevron are multi-faceted, they are essentially three: (1) whether the district court erred in admitting certain evidence as admissions by Chevron; (2) whether the district court erred in finding Chevron negligent as a matter of law; and (3) whether the district court erred in failing to submit to the jury a special verdict question and an instruction concerning contributory negligence on Perzinski's part.

### I

■■■ The district court admitted into evidence, over Chevron's objection, testimony concerning three conversations between Chevron's salesman, Robert Sosnovske, and Perzinski. During the first conversation, which allegedly occurred shortly after the application of Paraquat, Sosnovske told Perzinski that Chevron "would back up their recommendation of the product." The second conversation, according to Perzinski, took place at what ordinarily would have been harvest time. Perzinski testified that, at that time Sosnovske told him, "Don't worry. We'll take care of you." A third discussion occurred in Perzinski's office at which time Sosnovske is said to have asked Perzinski what damages he was claiming and to have told Perzinski, in effect, to bill Chevron for them.[1]

The district court admitted this evidence on the ground that these statements were admissions by Chevron and admissible under Wisconsin law.[2]

Chevron relies on Wisconsin case law which, at the time of the trial, required that in order for the statement of an agent to be admissible as an admission by the principal, there had to be evidence indicating that the agent had authority to *speak* (as distinguished from authority to act) on the particular subject matter. Shoemaker v. Marc's Big Boy, 51 Wis.2d 611, 617, 187 N.W.2d 815, 818 (1971); Rudzinski v. Warner Theatres, Inc., 16 Wis.2d 241, 245–246, 114 N.W.2d 466, 468–469 (1962). Chevron argues that the district court erred in finding that the evidence indicated that Sosnovske had authority to speak for Chevron on matters of liability.

■■■ This court, however, need not decide whether the district court ruled correctly on this issue under the Wisconsin case law cited. The Wisconsin Supreme Court adopted new rules of evidence while the instant case was on appeal. The new rules took effect on January 1, 1974 and apply "to actions and proceedings brought thereafter and also to *actions and proceedings then pending.*" In the Matter of Promulgation of Rules of Evidence for the State of Wisconsin, 59 Wis.2d Rl. (Emphasis added.) An action is still "pending," according to the Wisconsin Supreme Court, until there is an "exhaustion of rights of appeal." Larson v. Fetherston, 44 Wis.2d 712, 718, 172 N.W.2d 20, 23 (1969). Since the present case was on appeal, and, therefore, "pending," when the new rules became effective, we deem it appropriate within the spirt of Rule 43(a) to apply these rules in determining

---

1. The plaintiff contends that any error in admitting these statements became moot when the district court found Chevron negligent as a matter of law. This contention is without merit. The statements in question were material to the issues of causation and damages as well as to the issue of negligence.

2. Rule 43(a), Fed.R.Civ.P., provides *inter alia*, that evidence is admissible in a federal

district court if it is admissible under federal statutes, or under the rules of evidence heretofore applied in federal courts in suits in equity, or under the rules of evidence in the courts of the state in which the federal court is held. The preference is for admissibility.

whether the evidence in question was properly admitted.

The new rules provide, in pertinent part:

"(4) *Statements which are not hearsay.* A statement is not hearsay if:

\*   \*   \*   \*   \*   \*

"(b) Admission by party opponent. The statement is offered against a party and is:

\*   \*   \*   \*   \*   \*

"(4) a statement by his agent or servant *concerning a matter within the scope of his agency or employment,* made during the existence of the relationship   .   .   .   ." Wis. Rules of Evidence § 908.01(4)(b)4. (Emphasis added.)

The advisory committee's notes specify that "[t]his provision is a change in Wisconsin law." 59 Wis.2d R243. A party introducing the statement of an agent as the admission of the principal need not show that the agent had authority to speak for the principal; rather, the present rule only requires that the agent's statement concern "a matter within the scope of his agency or employment."

The evidence in the present case indicated that Sosnovske had been a salesman for Chevron for at least 13 years, at the time of the discussions with Perzinski. Sosnovske had a degree in agronomy, and, as part of his job, he advised farmers on the use of various chemicals made by Chevron. Moreover, Sosnovske personally inspected Perzinski's fields both before and after the application of Paraquat and was present during the actual application of the herbicide. Sosnovske also indicated that he filled out "product-complaint forms" when customers had complaints about the Chevron products and that he then sent the completed forms to Chevron.

Chevron, by the position it adopted in defending the present claim, is in effect stating that it is placing an experienced and knowledgeable salesman in the field to convince a prospective customer that a particular product would accomplish a particular result, yet repudiating from the protective corporate shield the statements of its agents without which the sale could not have been consummated. Here, the impact of the use of a product in the manner and for the very purpose for which it was sold could be disastrous, as the jury obviously found it to be. In our opinion, Sosnovske was acting within the scope of his authority in stating in effect that the company would stand in back of the product for the specialized purpose and use for which it was sold by him. We also note that other superior representatives of the company did participate in the selling process. The statements were, therefore, properly admitted as admissions of Chevron.

■■  Chevron also contends that even if Sosnovske's statements were admissions by the company, the statements were, nonetheless, privileged because they were made as part of settlement negotiations. The policy rationale which excludes an offer of settlement arises from the fact that the law favors settlements of controversies and if an offer of a dollar amount by way of compromise were to be taken as an admission of liability, voluntary efforts at settlement would be chilled. That, however, is not the situation we find in the language used by Sosnovske. Instead, he was in effect stating that the herbicide was sold to you on the basis that it would aid, not substantially destroy, your crop and the company is prepared to stand in back of the basis of the sale. The dollar amount was, of course, left open but that did not make the statements of the company's position with regard to backing up its product an offer of compromise and settlement.

## II

Chevron next argues that the district court erred in finding the defendant negligent as a matter of law.

■■  The rule in the Seventh Circuit is that, in diversity cases, state law

controls as to when a verdict can be directed. Etling v. Sander, 447 F.2d 593, 594 (7th Cir. 1971). In Wisconsin, "[a]n issue should be taken from the jury and a verdict directed against a party only when the evidence gives rise to no dispute or is so clear and convincing as reasonably to permit unbiased and impartial minds to come to but one conclusion." Valiga v. National Food Co., 58 Wis.2d 232, 241, 206 N.W.2d 377, 382 (1973).

■ In the present case, there is no dispute that § 94.70(1)(b) of the Wisconsin Statutes forbids the distribution of any pesticide "about which claims are made, or directions for use are given, which differ in substance from the representations made in connection with its registration [with the Wisconsin Department of Agriculture]." A violation of this statute is negligence *per se.* Perry Creek Cranberry Corp. v. Hopkins Agr. Chem. Co., 29 Wis.2d 429, 438, 139 N.W.2d 96, 101 (1966).

Chevron also admits that the label which the company submitted to the Federal Department of Agriculture provided, in pertinent part:

> "For best results, the application should be delayed to provide maximum weed and grass emergence but should be applied before 40 to 50 percent of the potatoes have emerged. An application made after 50 percent emergence may reduce yields."

Having reviewed the entire record, we find that, viewing the evidence in the light most favorable to Chevron, the evidence was so clear and convincing that reasonable persons could reach but one conclusion, namely that the emergence of Perzinski's potatoes in the affected fields was more than 50% at the time of the Paraquat application.

■ Moreover, the evidence indicated that a Chevron representative told Perzinski that Paraquat would only singe the potatoes a little and delay them about three days and that then the potatoes would be back to normal. There was no evidence that Chevron's representative told Perzinski that there was a risk of reduced yield. The claim that the potatoes would only be "singed a little" was substantially different from the label warning that an application after 50% emergence might reduce yield. The district court, therefore, properly found that, as a matter of law, Chevron violated § 94.70(1)(b).

Chevron contends, however, that this determination is predicated on the representations in the *federal* label whereas § 94.70(1)(b) refers to representations in the label submitted to the state agency. (Perzinski was unable to introduce into evidence the state label and any accompanying data because the items had been destroyed by the state as a routine matter after three years.) We find Chevron's argument unpersuasive.

The federal label represents the minimum information that could have been submitted to the Wisconsin agency and in its federal form was generally accepted by the state. Chevron admitted in oral argument that the company could not have supplied contrary information to the state and federal agencies. The label submitted to the state of Wisconsin, therefore, must have contained at least as much information regarding the hazards of applying Paraquat after 50% emergence as was contained in the federal label (*i. e.,* Chevron could not tell the state that Paraquat would only singe potatoes if applied after 50% emergence when the company had already told the federal agency that, after 50% emergence, Paraquat might reduce yields). If Chevron submitted to Wisconsin a more detailed explanation of the problems of applying Paraquat after 50% emergence, this could only serve to increase, not decrease, the discrepancy between the label and the claims made to Perzinski.

### III

■ The district court submitted to the jury three special verdict questions, one of which the court answered itself by finding Chevron negligent as a matter of law. Chevron argues that the dis-

trict court erred in failing to give a special verdict question and instruction on the issue of whether Perzinski was contributorily negligent in failing to cultivate his fields.

■ A district court has considerable discretion as to the nature and scope of the issues to be submitted to the jury in the form of special verdict questions under Rule 49(a), Fed.R.Civ. P. Elston v. Morgan, 440 F.2d 47, 49 (7th Cir. 1971); Mickey v. Tremco Mfg. Co., 226 F.2d 956, 957 (7th Cir. 1955). Moreover, it is not error to refuse to submit a question or instruction where the issue is adequately covered by other questions or instructions. Gillam v. J. C. Penney Co., 341 F.2d 457, 461 (7th Cir. 1965); Mead v. Cochran, 184 F.2d 579, 482 (7th Cir. 1950).

In the present case, the issue of Perzinski's alleged contributory negligence, while not exhaustively so, was adequately covered by the district court in other instructions. The jury was told that "there may be more than one cause of a decreased crop yield." The district court specifically instructed the jury that the award of damages was to be directly tied to the "natural consequence of the defendant's negligence." As the district judge noted, "Defendant was free to contend, and did contend, that some or all of the diminished yield was caused by factors other than the application of the Paraquat."

We also note that there was no substantial dispute as to the dollar amount of the damages to the crop but that nevertheless the jury did, under the instructions, proceed to reduce in accordance with the comparative negligence rule followed in Wisconsin the amount of the verdict by a specific percentage. Since the dollar amount of the damages was not substantially disputed, and since the defenses of Chevron that their product was not the cause of the disaster would have eliminated any verdict, the percentage reduction in the verdict can only fairly be attributed to jury recognition that Perzinski's failure to cultivate after

the damage became obvious was, under the court's instructions on causation, a cause, even though minimal, of a decreased crop yield.

Chevron has prosecuted its appeal vigorously and the issues presented are close ones, perhaps needlessly so because the jury obviously found credibility to be with the plaintiff's version of the case and the evidence was strong that the product in question applied pursuant to expert advice from qualified representatives of the manufacturer caused the crop failure in question. We are satisfied that justice was rendered and that a new trial is not indicated.

Accordingly, the judgment of the district court is

Affirmed.