STATE of Wisconsin, Plaintiff-Respondent,

v.

Eldon D. NOLL, Defendant-Appellant.

Supreme Court

*No. 89–1373–CR. Argued January 4, 1991.—Decided March 26, 1991.*

(Also reported in 467 N.W.2d 116.)

For the defendant-appellant there was a brief and oral argument by *Ruth S. Downs,* assistant state public defender.

■■■■■■■■■■

For the plaintiff-respondent the cause was argued by *Barry M. Levenson,* assistant attorney general, with whom on the brief was *Donald J. Hanaway.*

WILLIAM A. BABLITCH, J. The defendant Eldon D. Noll (Noll) appeals his judgment of conviction for two counts of second-degree sexual assault and one count of intimidation of a victim. Noll argues that a portion of a transcript of a taped interview between the police and the victim was improperly admitted into evidence at his preliminary hearing and that the transcript was the only evidence that supported his bindover on these charges. Noll did not challenge the bindover by means of a permissive interlocutory appeal. Based on the allegedly improper bindover, Noll seeks to have these three charges dismissed. Because Noll was convicted at a fair and errorless trial, we find, in accordance with today's decision in *State v. Webb,* 160 Wis. 2d 622, 467 N.W.2d 108 (1991) that there is no relief available to Noll for any error that may have occurred at his preliminary hearing. Therefore, we affirm Noll's convictions.

Following a jury trial, the defendant Eldon Noll was convicted of three counts of second-degree sexual assault, contrary to sec. 940.225(2)(e), Stats., and one count of intimidation of a victim, contrary to secs. 940.45(3) and 940.44(1). Noll had been initially charged with these crimes on November 5, 1987, after the victim, his fourteen-year-old stepdaughter, reported the assaults in a taped interview with a police officer.

At Noll's preliminary hearing on these charges on December 21, 1987, the victim testified directly about one of the crimes. She refused, however, to answer questions relating to the other incidents after her attorney announced that she was invoking the fifth amendment because her response would tend to incriminate her.

643

After the victim refused to testify regarding the other three charges, the prosecutor sought to introduce into evidence the portions of the transcript of the taped interview between police and the victim which related to these offenses. The prosecutor argued that because the victim was an unavailable witness, the transcript was admissible as a hearsay exception under sec. 908.045(4), Stats., because the statements therein would subject her to ridicule or disgrace. Noll argued that a witness who invokes the fifth amendment is not "unavailable" under sec. 908.04. Noll also argued that the statements in the transcript were not against the victim's interest and did not qualify for admission under any of the hearsay exceptions.

The circuit court admitted the transcript on the basis that the statements therein were made against the victim's interest because they would subject her to ridicule or disgrace and the probability of criminal sanctions. The transcript was the sole evidence supporting Noll's bindover on three of the four charges. A subsequent motion to dismiss based on the allegedly improper bindover was also denied by the trial court. Noll did not challenge the bindover by means of the permissive interlocutory appeal available to him pursuant to sec. 809.50, Stats. *See Webb,* at 636.

Following his conviction on all four counts and the denial of his post-conviction motions in the trial court, Noll appealed the three convictions which he alleged had been improperly bound over for trial. We granted the state's petition to bypass.

Noll's sole issue on appeal is whether it was error to bind over the three counts on the basis of the victim's statements contained in the transcript. Noll contends that the transcript was improperly admitted and without it there was insufficient evidence to show probable cause

for the bindover. On the basis of this allegedly improper bindover, Noll seeks to have the three charges dismissed. Noll raises no claim of error with respect to the trial itself, the sufficiency of the evidence, or the effectiveness of counsel.

We conclude that Noll's appellate issue is controlled by our decision in *State v. Webb,* also decided today. In *Webb,* at 628, we held that "a conviction resulting from a fair and errorless trial in effect cures any error at the preliminary hearing." Relief for errors that only affect the preliminary hearing may not be obtained after trial. *Id.* Because the trial itself was fair and errorless, Noll has no remedy for any error that may have occurred at the preliminary hearing. Therefore, we affirm Noll's convictions.

*By the Court.*—The decision of the circuit court is affirmed.

SHIRLEY S. ABRAHAMSON, J. (dissenting). Because the court changes longstanding rules of appellate practice and mandates that an accused seek leave to appeal a bindover order entered after a preliminary hearing in the court of appeals, the defendant in this case loses his right of appellate review of his claim that the finding of probable cause for bindover was based on erroneously admitted evidence. I dissent for the reasons set forth in my dissent in *State v. Webb,* 160 Wis. 2d 622, 638, 467 N.W.2d 108, 114 (1991).