STATE of Wisconsin, Plaintiff-Respondent,

v.

William LARSEN, Defendant-Appellant.

Court of Appeals

*No. 90–2587–CR. Submitted on briefs September 6, 1991.—Decided October 24, 1991.*

(Also reported in 477 N.W.2d 87.)

For the defendant-appellant the cause was submitted on the briefs of *Thomas W. Strakeljahn* of *Strakeljahn Law Offices, S.C.,* of Lancaster.

For the plaintiff-respondent the cause was submitted on the brief of *Robert A. Selk,* acting attorney general, and *Paul Lundsten,* assistant attorney general.

Before Eich, C.J., Dykman and Sundby, JJ.

EICH, C.J. William Larsen appeals from a judgment convicting him of conspiracy to deliver and delivery of controlled substances. The issues are whether the trial court erred: (1) in refusing to dismiss the action for alleged prosecutorial misconduct during the preliminary hearing; and (2) in receiving the criminal complaint into evidence and allowing a redacted version of the complaint to go into the jury room. We see no error in either ruling and affirm the judgment.

██

Larsen was charged with the drug violations as a result of an undercover investigation undertaken by Richland County law enforcement authorities. His claim of prosecutorial misconduct is based upon the preliminary hearing testimony of the state's principal witness against him, an undercover officer named Steve Owen. When Owen took the stand at the hearing and was asked to state his name, he falsely stated that his name was "Steve Sandtini." His testimony implicated Larsen in a drug sale and at the conclusion of the hearing the court found probable cause to believe he had committed a felony and ordered him bound over for trial. Neither Larsen nor the trial court were aware that Owen had misrepresented his name until nearly two months later.

When Larsen learned that "Steve Sandtini" was really officer Owen, he claimed that the prosecution's acts in presenting knowingly false testimony at the preliminary hearing constituted prosecutorial misconduct and asked the court to dismiss the charges against him as a sanction against the state. The trial court, while

expressing its displeasure with both Owen and the district attorney for having "deceive[d] the defendant [and] the Court," declined to dismiss, granting Larsen a two-month continuance to allow him to investigate Owen's background and suggesting that the incident could be used to impeach Owen's testimony at trial.

Larsen argues on appeal that it was error for the trial court to refuse to dismiss. We disagree. While we share the trial court's opinion that the conduct of both the officer and the prosecutor at the preliminary examination was highly unprofessional, the supreme court recently has held that "a conviction resulting from a fair and errorless trial . . . cures any error at the preliminary hearing." *State v. Webb,* 160 Wis. 2d 622, 628, 467 N.W.2d 108, 110, *on motion for reconsideration,* 161 Wis. 2d 600, 468 N.W.2d 694 (1991); *see also State v. Noll,* 160 Wis. 2d 642, 643, 467 N.W.2d 116, 117 (1991) ("Because [defendant] was convicted at a fair and error-less trial . . ., there is no relief available . . . for any error that may have occurred at his preliminary hearing.").

Even so, as we have noted, Larsen discovered Owen's true identity prior to the trial and had ample opportunity to investigate his background. We see nothing in the record to indicate that Larsen's chances for a favorable verdict at trial were harmed by the single instance of false testimony at the preliminary hearing.

Larsen next argues that the trial court erred when it received into evidence a redacted version of the criminal complaint filed against him and allowed the document—along with Larsen's written confession—to be sent to the jury room during deliberations.

As to admission of the documents, trial courts have broad discretion in determining the relevance and

admissibility of proffered evidence. *State v. Brecht,* 143 Wis. 2d 297, 320, 421 N.W.2d 96, 105 (1988). We will not overturn a trial court's evidentiary ruling unless there was no reasonable basis for it. *State v. McConnohie,* 113 Wis. 2d 362, 370, 334 N.W.2d 903, 907 (1983).

Because charging documents contain only allegations of fact, they generally are not admissible in evidence. *See, e.g.,* Wis JI—Criminal 145 (1980). Here, however, the portions of the complaint admitted into evidence gave context to Larsen's confession. The confession comprised a series of typewritten questions by Deputy Sheriff Virginia Kupp and Larsen's answers to them—in which he admitted some facts alleged in the complaint and denied others. Arguing for admission of the complaint, the prosecutor pointed out that without looking at it, the jury would have considerable difficulty discerning what Larsen had admitted and what he had denied. The trial court agreed and allowed the complaint into evidence, noting that Larsen's statement and denials made it difficult to tell "what he agreed with and what he didn't." Given these rather unique circumstances—and our deferential standard of review of discretionary rulings of the trial court[1]—we cannot say that the court erred in allowing portions of the complaint into evidence.

Maintaining that it was nonetheless error to allow the materials to go to the jury room, Larsen has referred

---

[1] "We will not reverse a discretionary determination by the trial court if the record shows that discretion was in fact exercised and we can perceive a reasonable basis for the court's decision." *Prahl v. Brosamle,* 142 Wis. 2d 658, 667, 420 N.W.2d 372, 376 (Ct. App. 1987). Indeed, as a general rule "we will look for reasons to sustain a discretionary determination." *Id.*

us to *Payne v. State,* 199 Wis. 615, 227 N.W. 258 (1929). The case, however, gives him little solace.

In *Payne,* the jury had access during its deliberations to statements made by the defendant shortly after his arrest, and he claimed this was error. The supreme court agreed, essentially because it felt that the jury's access to the statements gave undue and unfair emphasis to them, as opposed to contrary testimony for which the jurors would be forced to rely on their memories alone. *Id.,* 199 Wis. at 629, 227 N.W. at 263.

We believe Larsen's reliance on *Payne* is misplaced. As we have noted, Larsen's confession was properly admitted into evidence, and because of its references to various portions of the complaint, it could not be easily understood without reference to the complaint. It was, in effect, part of his confession; and it is beyond dispute that confessions may be sent to the jury room on the same basis as other trial exhibits. Indeed, in a recent case the supreme court "reexamine[d] the *Payne* rule" and abandoned it, holding that:

> [T]he better rule is that a defendant's written confession should be treated like other exhibits. It is within the circuit court's discretion to determine what exhibits are permitted in the jury room. . . . We conclude that the circuit court has discretion to send a written confession to the jury. A circuit court's decision to [do so] should be guided by the same criteria as its decision to send other exhibits to the jury room. *State v. Jensen,* 147 Wis. 2d 240, 259-60, 432 N.W.2d 913, 921-22 (1988).

The test, then, is whether the court abused its discretion when it allowed the documents to go to the jury room. *See Shoemaker v. Marc's Big Boy,* 51 Wis. 2d 611, 619, 187 N.W.2d 815, 819 (1971) ("it [is] discretionary with the trial judge to determine what exhibits w[ill] be

permitted in the jury room"). A court properly exercises its discretion when, in making a decision, it employs "a process of reasoning which depends on facts that are in the record or are reasonably derived by inference from the record, and yields a conclusion based on logic and founded on proper legal standards." *Shuput v. Lauer,* 109 Wis. 2d 164, 177-78, 325 N.W.2d 321, 328 (1982).

In this case, the trial court heard the arguments of counsel on the point. The prosecutor emphasized that the redacted version of the complaint against Larsen was necessary in order for the jurors to be able to ascertain what he had admitted in his confession, and defense counsel argued that it should be kept from the jury because it would place undue emphasis on one side of the story. The court allowed both documents—the confession and the redacted complaint—to go to the jury, explaining its ruling as follows:

> I know that there is this theory that you give somebody something that's in writing in the jury room . . . and it may have more [e]ffect because they've got [i]t with them in the jury room than what they heard earlier in the trial from the witness stand. [B]ut I think the statement . . ., a confession, an admission is important enough that they should be a[ble] to look at this critically and see just what weight they should give it. So, I think it's important to the issues in this case, to guilt or innocence that they look over the complaint against the defendant; the redacted version which he is said to have admitted to and his statement give[n] to Officer Kupp . . . .. So, they will go.[2]

---

[2]We note, too, that the trial court denied the prosecution's additional request to send redacted versions of the complaints against Larsen's two conspirators to the jury room because it felt

The trial court's remarks and its rulings on the prosecution's requests establish that it engaged in a reasoning process in arriving at its decision to allow Larsen's confession and complaint to go to the jury. In other words, it exercised its discretion; and because the decision was one a reasonable judge could reach under the circumstances, we will uphold it on appeal. *See Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16, 21 (1981) (discretionary decision is one "which a reasonable judge . . . could arrive at by the consideration of the relevant law, the facts, and a process of logical reasoning").

*By the Court.*—Judgment affirmed.

---

there was a danger that the jury might give them too much weight.