MORELAND CORPORATION, Respondent, v. RETAIL STORE EMPLOYEES UNION LOCAL No. 444, A.F.L.–C.I.O., and others, Appellants.

*April 5—May 1, 1962.*

For the appellants there was a brief by *Eisenberg & Kletzke,* attorneys, and *Edwin A. Star* of counsel, all of Milwaukee, and oral argument by *Sydney M. Eisenberg.*

For the respondent there was a brief by *Robertson, Hoebreckx & Davis* of Milwaukee, and oral argument by *Walter S. Davis.*

GORDON, J. The appellants contend that the circuit court does not have subject-matter jurisdiction to determine the controversy because of federal labor law pre-emption. The issue of federal pre-emption was not raised in the trial court. The respondent urges that the issue of federal pre-emption cannot be decided without a trial on the merits.

When an activity is "arguably subject" to sec. 7 or 8 of the National Labor Relations Act, as amended, 29 USCA, secs. 157 and 158, the states must defer to the jurisdiction of the national labor relations board, except as to peripheral matters such as those involving the domestic peace, which are of "compelling state interest." *San Diego Building Trades Council v. Garmon* (1959), 359 U. S. 236, 245, 247, 79 Sup. Ct. 773, 3 L. Ed. (2d) 775; *Local 248, U. A., A. & A. I. W. v. Wisconsin E. R. Board* (1960), 11 Wis. (2d) 277, 105 N. W. (2d) 271. Federal pre-emption deprives the state courts of subject-matter jurisdiction. The question of whether the circuit court has subject-matter jurisdiction to determine a controversy may be raised at any time, including for the first time on appeal. *Detroit Safe Co. v. Kelly* (1890), 78 Wis. 134, 47 N. W. 187. See also *Wisconsin E. R. Board v. Lucas* (1958), 3 Wis. (2d) 464, 89 N. W. (2d) 300. Thus, it is permissible for the appellants to raise the issue of federal pre-emption for the first time in this court.

However, we are of the opinion that the circuit court does have subject-matter jurisdiction and may enter a valid judgment determining the controversy. Even assuming the presence of the necessary federal jurisdictional requirements, the question of whether a state court may enjoin picketing as a trespass, in spite of arguable federal labor law pre-emption in other respects, has been expressly left open by the United States supreme court. *Amalgamated Meat Cutters & Butcher Workmen, Local No. 427, A.F.L. v. Fairlawn Meats, Inc.* (1957), 353 U. S. 20, 77 Sup. Ct. 604, 1 L. Ed. (2d) 613. We conclude that the courts of Wisconsin do have subject-matter jurisdiction to determine a controversy involving an alleged trespass by agents of a labor union. See *People v. Goduto* (1961), 21 Ill. (2d) 605, 174 N. E. (2d) 385, where the Illinois supreme court enforced a criminal-trespass statute against labor-union pickets, even though the pickets' activity was "arguably subject" to the National Labor Relations Act. But see *Freeman v. Retail Clerks Union Local No. 1207* (Wash. 1961), 363 Pac. (2d) 803, where the supreme court of Washington held that an action for trespass by a shopping-center owner against a labor union was "arguably subject" to the National Labor Relations Act, thus depriving the state court of subject-matter jurisdiction. Compare *Nahas v. Local 905, Retail Clerks Asso.* (1956), 144 Cal. App. (2d) 808, 301 Pac. (2d) 932, rehearing denied, 144 Cal. App. (2d) 820, 302 Pac. (2d) 829, where a California district court of appeals held that a tenant in a shopping center did not have sufficient interest in the real estate to maintain an action to enjoin labor-union pickets from trespassing.

Sec. 270.635 (1), (2), Stats., provides that summary judgment may be entered on behalf of a defendant when his supporting affidavits "show that his denials or defenses are sufficient to defeat the plaintiff." Summary judgment should be granted if there are no material issues of fact. However, summary judgment should be granted only when it is plain

that there is no substantial issue of fact or permissible inference from undisputed facts to be tried. *Voysey v. Labisky* (1960), 10 Wis. (2d) 274, 103 N. W. (2d) 9.

The respondent's alleged cause of action is for trespass to its private property by the appellants. No unfair labor practice is alleged in the complaint.

The property in issue is a sidewalk adjacent to the Town & Country Supermarket located in the shopping center. The respondent is the owner in fee of the shopping center, which is four acres in area. The shopping center contains some buildings and a parking lot. The buildings are leased out to persons who carry on a retail trade.

One of the appellants' affidavits states that:

". . . the Moreland Corporation has designed this property for use by the general public in such a manner as to make it difficult or impossible to distinguish its physical characteristics from publicly owned property similarly so devoted."

Another of appellants' affidavits described a photograph attached and submitted as an exhibit. The photograph shows the supermarket, sidewalk, and part of a large adjacent parking lot. The affiant stated that the photograph shows:

". . . clearly and conclusively . . . that the sidewalk and general area has been designed for use by the general public in such manner as to be difficult, if not impossible, to distinguish it physically from public property; . . . that said sidewalk is so placed and constructed in relation to the surrounding terrain as to clearly be an open invitation for use by the general public, that access thereto is provided without any barricades; that signs and notices appear thereon which are clearly intended for the public."

A counteraffidavit of the respondent states that:

". . . this property has not been dedicated for use by the general public, nor has the plaintiff by its conduct licensed the general public to use this property in any manner which the general public may deem fit. . . . this property has

definite physical characteristics delineating its outer boundaries in a manner by which reasonable men can readily distinguish and determine the outer boundaries of the property. . . . the sidewalk . . . has not been provided for the use by the general public and does not appear in any respect to be a public sidewalk, but is in fact a private sidewalk for the convenience of those persons whom plaintiff allows to enter its premises."

The issue is whether the respondent, because it has designed its private property for use as a shopping center, has lost its right to ban otherwise lawful picketing. If the record before us clearly established that the property involved is a multistore shopping center, with sidewalks simulated so as to appear to be public in nature, we would have no difficulty in reaching a conclusion that the property rights of the shopping-center owner must yield to the rights of freedom of speech and communication which attend peaceful picketing. See *Freeman v. Retail Clerks Union Local No. 1207, supra* (concurring opinion). See also Notes, 1960 Duke Law Journal, 310; Note, 73 Harvard Law Review, 1216, and Note, 10 Stanford Law Review, 694. Compare, *Marsh v. Alabama* (1946), 326 U. S. 501, 66 Sup. Ct. 276, 90 L. Ed. 265, in which the United States supreme court held that the freedom of religion guaranteed by the First and Fourteenth amendments prevented the enforcement of a criminal-trespass statute against a person distributing religious pamphlets on the sidewalk of a company-owned town. See also *National L. R. Board v. Babcock & Wilcox Co.* (1956), 351 U. S. 105, 76 Sup. Ct. 679, 100 L. Ed. 975, a decision under the National Labor Management Relations Act involving the right of labor union representatives to circulate literature in an employer's private parking lot. The rationale of the United States supreme court in the *Babcock & Wilcox Case* was used to help resolve a constitutional free-speech issue in *Nahas v. Local 905, Retail Clerks Asso., supra.*

In weighing the parties' conflicting interests of private property and free speech, we would want to know the physical characteristics of the shopping center so that our decision on this important policy question could be applied with clarity to other disputes which might arise. On the record before us, the precise nature of the shopping center is not fully disclosed. There are *some* details in the pleadings and in the affidavits; also, the photograph of the store in question is in the record. However, we conclude that the record presents an insufficient basis upon which to enter a summary judgment for the appellants. There being material facts in issue which necessitate a trial, the trial court properly denied the appellants' motion for summary judgment.

*By the Court.*—Order affirmed.