STATE of Wisconsin EX REL. Andrew A. ZDANCZEWICZ, Plaintiff-Defendant.

v.

The Honorable Harry G. SNYDER, Defendant-Respondent.

Supreme Court

*No. 85–0637. Argued June 4, 1986.—Decided June 24, 1986.*

(Also reported in 388 N.W. 2d 612.)

For the plaintiff-appellant there were briefs by *Daniel P. Fay* and the *Law Firm of Daniel P. Fay, S.C.,* Pewaukee, and oral argument by *Mr. Fay.*

For the defendant-respondent there was a brief by *Kenneth R. Berg,* assistant district attorney, and a brief by *Stephen W. Kleinmaier,* assistant attorney general, and *Bronson C. La Follette,* attorney general, and oral argument by *Mr. Kleinmaier.*

WILLIAM G. CALLOW, J.   Andrew Zdanczewicz appeals from an order and judgment of the circuit court for Waukesha county, Judge Willis J. Zick, denying Zdanczewicz's petition for a writ of habeas corpus. We accepted this case on certification from the court of appeals. In light of our decision in *State v. Smith,* 131 Wis. 2d 220, 388 N.W. 2d 601 (1986), wherein we held that an illegal arrest does not deny a court personal jurisdiction over a defendant, we affirm the circuit court's order denying Zdanczewicz's petition for a writ of habeas corpus.

On September 5, 1984, at approximately 2:20 a.m., a New Berlin police officer noticed a motorcycle with a "license applied for" plate attached to it. The officer activated his squad car's red lights and attempted to stop the motorcycle to check its registration. The motorcyclist led the officer on a 9-mile, high-speed chase

during which the motorcyclist went through stop signs, a stoplight, and two police roadblocks, at times reaching speeds in excess of 100 miles per hour. The officer, never losing sight of the motorcycle, pursued the motorcyclist to a residence in Muskego where he observed the motorcyclist drive into the garage and enter the attached house.

The officer entered the open garage, waited a couple of minutes for a backup, and knocked on the door to the house. When a woman answered the door, the officer asked if she had any sons. She answered that she had one son who lived at the residence and owned the motorcycle in the garage. When the officer requested that she bring her son to the door, she went to see if he was home. A man then came to the door and identified himself as the owner of the residence. When the officer asked who owned the motorcycle, the man stated that it belonged to his son. The officer then asked him whether his son was home and asked him to bring his son to the door. After waiting at the door for approximately five or ten minutes, the officer entered the house, found Andrew Zdanczewicz, and arrested him for eluding an officer.

Zdanczewicz subsequently was charged with fleeing from an officer in violation of sec. 346.04(3), Stats. He posted a $1,000 property bail bond and was released. Immediately thereafter, he challenged the personal jurisdiction of the circuit court, bringing a motion to dismiss based upon his assertion that the warrantless, nighttime home arrest violated his constitutional rights. After holding a hearing, Judge Harry G. Snyder denied the motion on the grounds that the officer's hot pursuit of Zdanczewicz was an exigent circumstance justifying the warrantless arrest.

149

Zdanczewicz then filed a petition for a writ of habeas corpus in another branch of the circuit court for Waukesha county, Judge Willis J. Zick, presiding. In his habeas corpus petition, Zdanczewicz alleged that he was restrained of his liberty by Judge Snyder, that he was imprisoned by virtue of being placed on bail, and that he was not imprisoned by virtue of any valid judgment or order or execution as specified in Chapter 782, Stats. He claimed that he was imprisoned illegally because he had been arrested illegally. The state challenged the propriety of Zdanczewicz's habeas corpus petition, arguing that his remedy should be to the appellate court and not to the circuit court.

Judge Zick, citing *J. V. v. Barron,* 112 Wis. 2d 256, 332 N.W.2d 796 (1983), rejected the state's argument that a circuit court does not have authority to review the actions of a coordinate branch of the circuit court in habeas corpus. Judge Zick, however, also rejected Zdanczewicz's arguments, holding that the warrantless home arrest complied with the fourth amendment because it was based upon both probable cause and the exigent circumstance of hot pursuit. Accordingly, Judge Zick issued an order and judgment denying Zdanczewicz's petition for a writ of habeas corpus.

Zdanczewicz appealed the order and judgment denying his petition for a writ of habeas corpus. The court of appeals certified the appeal to this court on the question "[w]hether 'hot pursuit' is always a sufficient exigent circumstance to justify a warrantless entry into a home to effect an arrest for a misdemeanor traffic offense." While we accepted certification to decide that question, the procedural posture of this case makes a decision on that question inappropriate in light of our holding in *State v. Smith, supra.*

Zdanczewicz argues that the police violated his fourth amendment rights in making a warrantless, nighttime home arrest. *See Welsh v. Wisconsin,* 104 S. Ct. 2091 (1984). He further contends that the illegal arrest operates as a jurisdictional defect, preventing Judge Snyder from gaining personal jurisdiction over him. *See Laasch v. State,* 84 Wis. 2d 587, 267 N.W.2d 278 (1978). Because Judge Snyder never gained jurisdiction over him, Zdanczewicz claims that Judge Snyder illegally restrained his liberty by placing him on bail. Accordingly, Zdanczewicz seeks a writ of habeas corpus.

■

The writ of habeas corpus "protect[s] and vindicate[s] a person's right of personal liberty by freeing him from illegal restraint." *J. V. v. Barron,* 112 Wis. 2d at 260. When a person seeks a writ of habeas corpus, however, the habeas court's review is limited. The habeas court determines only whether the order resulting in the restraint of liberty was made in violation of the constitution, or whether the court which issued the order lacked the jurisdiction or legal authority to do so. *See J. V. v. Barron,* 112 Wis. 2d at 261; *Wolke v. Fleming,* 24 Wis. 2d 606, 613–14, 129 N.W.2d 841 (1964), *cert. denied,* 380 U.S. 912 (1965).

■

Zdanczewicz essentially asserts that he is entitled to habeas relief because the allegedly illegal arrest deprived Judge Snyder of personal jurisdiction. In light of our decision in *State v. Smith,* 131 Wis. 2d at 240, however, we no longer treat illegal arrests as jurisdictional defects. As we noted in *State ex rel. Cullen v. Ceci,* 45 Wis. 2d 432, 443, 173 N.W.2d 175 (1970), *quoted in State v. Smith, Id.* at 238, a complaint supported by

probable cause serves as "the jurisdictional requirement for holding a defendant for a preliminary examination or other proceedings." In this case we have a valid complaint supported by probable cause. Therefore, regardless of whether the police illegally arrested Zdanczewicz, Judge Snyder had jurisdiction over Zdanczewicz and acted within his authority in placing Zdanczewiz on bail. Zdanczewicz is not being restrained illegally by virtue of being on bail.

In holding that an illegal arrest no longer deprives a court of personal jurisdiction, we do not sanction police violations of the fourth amendment's prohibition against unreasonable searches and seizures. Rather, we continue to "protect the fourth amendment values jeopardized by an illegal arrest through use of the exclusionary rule." *State v. Smith*, 131 Wis. 2d at 240. Questions regarding application of the exclusionary rule, however, are not appropriate for review in a habeas proceeding. *See J.V. v. Barron*, 112 Wis. 2d at 261. Therefore, should Zdanczewicz desire to continue to challenge the legality of his arrest, he must seek his remedy through means other than habeas corpus.

*By the Court.*—The order and judgment of the circuit court are affirmed.