STATE of Wisconsin, Plaintiff-Respondent,†

v.

Richard L. WEBB, Defendant-Appellant.†

Court of Appeals

*No. 89-0593-CR. Submitted on briefs September 11, 1989.—Decided January 11, 1990.*

(Also reported in 453 N.W.2d 628.)

†Petition to review and cross review pending. This petition was not disposed of at the time the volume went to press. Its disposition will be reported in a later volume.

For the defendant-appellant the cause was submitted on the briefs of *Glenn L. Cushing,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the briefs *Donald J. Hanaway,* attorney general, and *Daniel J. O'Brien,* assistant attorney general.

Before Eich, C.J., Gartzke, P.J., and Sundby, J.

GARTZKE, P.J. Richard Webb appeals from a judgment of conviction for first-degree sexual assault. Sec. 940.225(1)(d), Stats. 1985. The victim is Webb's eleven-year-old stepdaughter. The dispositive issue is whether Webb's sixth amendment right[1] to a public trial was violated when this preliminary hearing was closed to the public except for two of the victim's "support per-

---

[1]The sixth amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." This "public trial" right is reinforced in Wisconsin by sec. 757.14, Stats., which states that "[t]he sittings of every court shall be public and every citizen may freely attend the same, except if otherwise expressly provided by law."

sons." We conclude that the trial court erred, the error was not harmless, and the conviction must be reversed, subject to reinstatement if defendant does not request a second preliminary or if a second properly conducted preliminary results in findings justifying a bindover for trial.

The purpose of a preliminary hearing is to determine whether there is probable cause to believe the defendant has committed a felony. Sec. 970.03(1), Stats. If the court finds that such probable cause exists, it must bind the defendant over for trial. The court made that finding at defendant's preliminary. He was bound over for trial, tried, and convicted. But at the prosecutor's request and over defendant's objection, defendant's preliminary hearing was closed to the general public except for the victim's mother and a member of the local rape-crisis unit. The court excluded defendant's mother and niece.

■

Because the facts are undisputed, whether defendant's sixth amendment right to a public trial was violated by the closure order is a question of law which we decide without deference to the trial court's decision. *Stevens v. Manitowoc Cir. Ct.,* 141 Wis. 2d 239, 244, 414 N.W.2d 832, 834 (1987).

Relying on *Stevens,* defendant argues that the trial court erred by excluding the general public and his mother and niece from the preliminary examination under sec. 970.03(4), Stats., which provides:

> If the defendant is accused of a crime under s. 940.225 [sexual assault] . . ., the judge shall, at the request of the complaining witness, exclude from the [preliminary] hearing all persons not officers of the court, members of the witness's or defendant's families or others deemed by the court to be supportive of

them, or otherwise required to attend. The judge may exclude all such persons from the hearing in any case where the defendant is accused of a crime under s. 940.225 . . . or a crime against chastity, morality or decency.

The *Stevens* court held that "a qualified sixth amendment public trial right" applies to preliminary hearings and "must adhere when closure is sought by the complainant under sec. 970.03(4), Stats." *Stevens,* 141 Wis. 2d at 248–49, 414 N.W.2d at 836. The court said:

> [T]he portion of sec. 970.03(4), Stats., which mandates closure of sexual assault preliminary examinations solely upon the request of the complaining witness, does not comport with defendant's public trial right if the defendant objects to closure. We [conclude], however, that the remaining discretionary exclusion provision of sec. 970.03(4) together with the circuit court finding requirements established in *Waller* [*v. Georgia,* 467 U.S. 39, 48 (1984)], and *Press-Enterprise* [*Co. v. Superior Court,* 478 U.S. 1, 13–14 (1986) *(Press-Enterprise II)*], sufficiently protects the defendant's public trial right. It provides for sufficient balancing of the parties' interests, as well as upholding the laudable purpose of sec. 970.03(4) in protecting victims of sexual assault from undue emotional pressure or harassment. We therefore adopt and imply the inclusion of the factors established in those cases to create a reasonable basis upon which the discretionary closure provision of the statute is sustained.

*Id.* at 253–54, 414 N.W.2d at 838.[2]

---

[2]The dissent's reading of sec. 970.03(4), Stats., conflicts with the *Stevens* court's discussion quoted above. The statute has both a mandatory provision and a discretionary provision. The former applies when a witness complains in a sexual assault case. The

The *Waller* Court held:

> [T]he party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, the trial court must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure.

*Waller,* 467 U.S. at 48. The *Press-Enterprises II* Court said that since a qualified first amendment right of access applies to preliminary hearings in California, such

> proceedings cannot be closed unless specific, on the record findings are made demonstrating that "closure is essential to preserve higher values and is narrowly tailored to serve that interest." If the interest asserted is the right of the accused to a fair trial, the preliminary hearing shall be closed only if specific findings are made demonstrating that, first, there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot adequately protect the defendant's fair trial rights.

*Press-Enterprise II,* 478 U.S. at 13-14 (citations omitted).

We conclude on the basis of *Stevens* that the qualified constitutional right to a public trial, as applied to a preliminary hearing in this state, is satisfied only if both of two conditions exist. First, closure must comply with

latter applies when a nonwitness complains in a sexual assault case, or when a witness or nonwitness complains in a case involving a crime against chastity, morality, or decency. The provisions are not redundant.

sec. 970.03(4), Stats. Second, the trial court must make the findings required by *Waller* and *Press-Enterprise II.*

The closure order in the case before us does not comply with sec. 970.03(4), Stats. Because the prosecutor requested closure, the second sentence of the statute applies. The words "all such persons" in the second sentence of the statute can only refer to the class described in the first sentence: "all persons *not* officers of the court, members of the witness's or defendant's families or others deemed by the court to be supportive of them." [Emphasis added.] The meaning of the first sentence, and therefore of the second as well, is that the court cannot exclude from the hearing officers of the court, members of the witness's or defendant's families, or others deemed by the court to be supportive of the witness or the defendant. The trial court wrongly excluded at least one member of defendant's family, his mother.

Because the trial court's closure order violates sec. 970.03(4), Stats., defendant's qualified constitutional right was violated. *Stevens,* 141 Wis. 2d at 248–49, 419 N.W.2d at 836. We need not decide whether the court's findings meet the requirements established in *Waller* and *Press-Enterprise II.*

Defendant's qualified right to a public preliminary examination having been violated, he is entitled to relief. The federal view is that a defendant need not prove specific prejudice to obtain relief for a violation of the public-trial guarantee. *Waller,* 467 U.S. at 49 & n.9. In other words, the violation can never be harmless error.

The remaining question is defendant's remedy. While a defendant need not prove specific prejudice stemming from violation of the public-trial guarantee,

326

the remedy must be appropriate to the violation. *Id.* at 49–50. In *Waller,* the public-trial guarantee was violated at a suppression hearing. The *Waller* Court remanded the case for a new, public suppression hearing, and for a new trial only if the results of that hearing differed substantially from the results of the improperly conducted hearing. *Id.* at 50.

In this case, the constitutional violation occurred at a preliminary hearing. A defendant is entitled to appellate review of the validity of the bindover for trial even after trial and conviction. *State v. Olson,* 75 Wis. 2d 575, 584, 250 N.W.2d 12, 17 (1977); *State v. Sorenson,* 135 Wis. 2d 468, 471, 400 N.W.2d 508, 510 (Ct. App. 1986), *rev'd on other grounds,* 143 Wis. 2d 226, 421 N.W.2d 77 (1988); *State ex rel. McCaffrey v. Shanks,* 124 Wis. 2d 216, 224, 369 N.W.2d 743, 748 (Ct. App. 1985).

However, an unqualified reversal is inappropriate in this case in view of the remedy the *Waller* Court granted for violation of the right to a public trial in a suppression hearing. By analogy to the *Waller* remedy, we reverse the judgment of conviction and remand to the trial court to conduct a second preliminary hearing, if the defendant so requests. The hearing must satisfy the qualified constitutional right to a public trial and otherwise comply with the law. If the evidence at that hearing satisfies the court that probable cause exists to believe a felony was committed by the defendant, then the judgment of conviction should be reinstated. The judgment should also be reinstated if defendant fails within 21 days after remittitur to request a second preliminary hearing.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.

EICH, C.J. (*dissenting*). I respectfully record my dissent from the majority opinion in this case because I believe sec. 970.03(4), Stats., was complied with and, further, that the trial court exercised its discretion to exclude the two spectators in conformity with the requirements of *Stevens v. Manitowoc Cir. Ct.*, 141 Wis. 2d 239, 414 N.W.2d 832 (1987), and related cases. I would affirm the conviction.

The majority concludes that the trial court erred in excluding the general public and Webb's "support people"—his mother and his niece—from the preliminary examination under the authority of sec. 970.03(4), Stats. That section provides as follows:

> If the defendant is accused of a crime under s. 940.225 . . . the judge shall, at the request of the complaining witness, exclude from the hearing all persons not officers of the court, members of the witness's or defendant's families or others deemed by the court to be supportive of them . . .. The judge may exclude *all such persons* from the hearing in any case where the defendant is accused of a crime under s. 940.225 . . .. [Emphasis added.]

Webb and the majority read the phrase "all such persons" as applying only to persons who are *not* "officers of the court, members of the witness's or defendant's families or others deemed . . . to be supportive of them." In my view, having "all such persons" apply only to persons who are *not* court officers, family members or supporters of the principal parties reads an irreconcilable conflict into the statute. If the trial court can never exclude officers, family members or supporters under any circumstances, and if the last sentence applies only to those persons *not* in those categories, the first sentence would mandate exclusion of all those who are not officers, friends or supporters ("the judge shall . . .

exclude"); while the second sentence makes the same decision discretionary: "The judge *may* exclude all such persons . . .."

Recognizing the rule that statutes should be construed to avoid irreconcilable conflicts or absurd results, *Thelen v. DHSS,* 143 Wis. 2d 574, 579, 422 N.W.2d 146, 148 (Ct. App. 1988), I read "all such persons" in sec. 970.03(4), Stats., as referring to those affirmatively, rather than negatively, named immediately before; that is, "officers of the court, members of the witness's or defendant's families or others . . . supportive of them . . .." Thus, in my view, the statute's first sentence requires the court, on proper request, to exclude all those who are "not" in those named categories; and the second sentence gives the court discretion to exclude those who are. Any such discretionary exclusion, of course, must meet a constitutional test as well.

In *Stevens,* the court, overruling past cases, held for the first time that "a qualified sixth amendment public trial right" applies to preliminary hearings and "must adhere when closure is sought by the complainant under sec. 970.03(4), Stats." *Stevens,* 141 Wis. 2d at 248-49, 414 N.W.2d at 836. The court outlined the procedure which must be followed before a hearing may be closed. It is a balancing test similar to that discussed by the United States Supreme Court in *Waller v. Georgia,* 467 U.S. 39 (1984), and *Press-Enterprise Co. v. Superior Court,* 478 U.S. 1 (1986) (*Press-Enterprise II*). First, the state must advance a compelling interest which would be prejudiced absent closure, such as the need to protect a sexual assault victim from undue embarrassment and emotional trauma. Second, the court must narrowly tailor its order and consider reasonable alternatives to full closure. Third, the court must articulate specific findings adequate to support closure, such as the "victim's age,

psychological maturity and understanding, the nature of the crime, and the desires of the victim and the victim's family . . .." Finally, the court should give great but not exclusive weight to the desires of the victim since that is "clearly shown to be proper public policy as evidenced by the enactment of sec. 970.03(4)." *Stevens,* 141 Wis. 2d at 254, 414 N.W.2d at 838–39.

I believe the trial court properly exercised its discretion in this case. First, the charged crime was of a most sensitive nature—sexual assault by a stepfather on his stepchild. It is difficult to conceive of a crime more likely to cause emotional stress and possible trauma to a child witness than sexual assault by a parent. Second, the court articulated on the record why it excluded the defendant's relatives from the hearing. The court asked the defendant's attorney "[w]hat is the relationship, if any, that exists between the two people who are present and the victim in this case?" Upon learning that they were the defendant's mother and niece—and thus also relatives of the victim—the court stated that given the "fact that these people are people who she [the victim] is familiar with as being associated with the defendant in this case, I will grant the motion and will ask that these two individuals will be excluded from the courtroom as well."

The court made additional findings in support of its order. The court asked the prosecutor how old the complainant was and found that "[u]pon the representation of [the prosecutor] that the request is being made at the request of the alleged victim, and given the age of the victim [twelve] . . . I will grant the motion . . . .." The court emphasized that, "If we were dealing here with an adult victim, then my determination would be other than it has."

It thus appears that the court grounded its closure order on: (1) the victim's age and the nature of the crime; (2) the fact that the request for closure came from the prosecution on the victim's behalf; and (3) the fact that the persons excluded were relatives of the defendant, the victim's stepfather, and were thus familiar to her—which, implicitly, at least, amounts to a finding that their presence in court would be embarrassing or traumatic to the victim.

Finally, I believe the order was sufficiently narrowly tailored to meet the state's (and the victim's) desire to avoid the embarrassment and trauma attendant upon a hearing of this nature, without unduly burdening Webb's right to a public trial. First, I note that the hearing transcript remained part of the public record; it was neither sealed nor otherwise restricted. Second, it appears that Webb's objection to the order was not that it closed the proceedings to the public, but only that it did not permit his mother and niece to remain in the courtroom. After the district attorney's initial request "to clear and close the courtroom," defense counsel stated: "That's fine with me, your Honor. If they're not going to have any support people in here, that's fine." Then, when the prosecutor stated he wished to have the victim's mother and the rape counselor present, defense counsel took the position that, under the statute, "[e]ither [the court] excludes all or he excludes none, except for . . . the support people" for *both* the victim and the defendant.

Under the statute, exclusion of specta-tors—including "support persons"—is discretionary with the trial court. In light of the circumstances dis-cussed above, including the familial relationships between the defendant, the victim and the defendant's relatives, I believe the trial court's explanation of its

decision, while unfortunately sketchy, is minimally adequate under *Stevens*.