STATE of Wisconsin, Plaintiff-Respondent-Cross
Petitioner,

v.

Richard L. WEBB, Defendant-Appellant-Petitioner.†

Supreme Court

*No. 89–0593–CR. Argued January 4, 1991.—Decided March 26,
1991.*

(Also reported in 467 N.W.2d 108.)

†Motion for reconsideration denied; Per Curiam Opinion;
ABRAHAMSON, J., HEFFERNAN, C.J., BABLITCH, J.,
dissent.

623

For the defendant-appellant-petitioner there were briefs and oral argument by *Glenn L. Cushing,* assistant state public defender.

For the plaintiff-respondent-cross petitioner the cause was argued by *Daniel J. O'Brien,* assistant attorney general, with whom on the briefs was *Donald J. Hanaway,* attorney general.

STEINMETZ, J.   The issue presented in this case is what, if any, relief should be available to a defendant who was duly convicted at a fair and errorless trial when it is determined on appeal that his preliminary hearing was closed in violation of the Sixth Amendment to the United States Constitution.[1]

After a jury trial in the circuit court for Dane county, before Judge George Northrup, the defendant, Richard L. Webb, was convicted of first-degree sexual assault in violation of sec. 940.225(1)(d), Stats. 1985–86.[2] The victim, a step-daughter of the defendant,

---

[1]The Sixth Amendment to the United States Constitution provides as follows:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence.

[2]Section 940.225(1)(d), Stats. 1985–86 provided as follows:

624

was eleven years of age at the time of the crime. The defendant appealed from the judgment of conviction[3] to the court of appeals, asserting that his sixth amendment right to a public trial was violated insofar as the preliminary examination[4] was improperly closed to the public.[5]

**940.225 Sexual assault. (1)** FIRST DEGREE SEXUAL ASSAULT. Whoever does any of the following is guilty of a Class B felony:

. . .

(d) Has sexual contact or sexual intercourse with a person 12 years of age or younger.

[3]The judgment of conviction involved five separate cases that were consolidated for purposes of sentencing and conviction. In addition to the first-degree sexual assault case at issue on appeal here, the consolidated cases included various counts of misdemeanor and felony intimidation of witnesses and violation of domestic abuse restraining orders and injunctions.

[4]A preliminary examination is a hearing before a court used to determine if there is probable cause to believe a felony has been committed by the defendant. Section 970.03, Stats. Section 971.02(1) mandates a preliminary hearing for any defendant charged with a felony. A defendant's right to a preliminary hearing is solely a statutory right. *State v. Moats,* 156 Wis. 2d 74, 83, 457 N.W.2d 299 (1990); *State v. Dunn,* 121 Wis. 2d 389, 394–95, 359 N.W.2d 151 (1984). "The underlying purpose of the examination is to determine whether the defendant should be subjected to criminal prosecution and further deprived of his liberty." We have said that:

> The object or purpose of the preliminary investigation is to prevent hasty, malicious, improvident, and oppressive prosecutions, to protect the person charged from open and public accusations of the crime, to avoid both for the defendant and the public the expense of a public trial, and to save the defendant from the humiliation and anxiety involved in public prosecution, and to discover whether or not there are substantial grounds upon which a prosecution may be based.

*Id.* at 395, *quoting Thies v. State,* 178 Wis. 98, 103, 189 N.W. 539 (1922). The preliminary examination is "intended to be a sum-

The preliminary examination was conducted by Judge Michael Nowakowski, Dane county circuit court. At the prosecutor's request and over objections by the defendant, the court, pursuant to sec. 970.03(4), Stats., closed the preliminary hearing to the defendant's mother and niece, apparently out of concern that the victim-witness not be intimidated. The victim's mother and a "rape-crisis unit" member were not included in the closure order and remained at the hearing. The parties are in disagreement as to whether the closure order applied to any members of the public besides the defendant's mother and niece. The defendant objected to the order arguing that sec. 970.03(4) did not permit whatever partial closure occurred. However, the defendant did indicate that he was willing to accept complete closure of the hearing. Overruling the defendant's objections, the court, based upon the victim's testimony, found probable cause that the defendant had committed a felony and so bound the defendant over to Judge Northrup's branch of the circuit court "for arraignment, trial and further proceedings."

After arraignment, the defendant filed a pretrial motion in Judge Northrup's court to dismiss for "lack of jurisdiction" based upon the "improper" closure of the preliminary hearing. The motion did not specify whether

mary proceeding." *Moats,* 156 Wis. 2d at 83. Pursuant to sec. 970.03(1), Stats., a defendant "may be bound over for trial when the evidence at the preliminary hearing is sufficient to establish probable cause that a felony has been committed and that the defendant probably committed it." *Dunn,* 121 Wis. 2d at 393.

[5]In *Stevens v. Manitowoc Cir. Ct.,* 141 Wis. 2d 239, 248–49, 414 N.W.2d 832 (1987), we held that "a qualified sixth amendment public trial right" applies to preliminary hearings and "must adhere when closure is sought by the complainant under sec. 970.03(4), Stats."

lack of personal jurisdiction or lack of subject matter jurisdiction was being claimed. The circuit court denied the motion on its merits. Subsequent to our decision in *Stevens v. Manitowoc Cir. Ct.,* 141 Wis. 2d 239, 414 N.W.2d 832 (1987), the defendant filed a renewed motion to dismiss, specifying that his challenge was to the "lack of subject matter jurisdiction" of Judge Northrup's branch of the circuit court because of the allegedly defective bindover from Judge Nowakowski's branch of the circuit court. The circuit court denied this motion, holding that the defendant's preliminary hearing was properly closed to his mother and niece in conformity with *Stevens,* even though *Stevens* had not been decided at the time of the preliminary hearing. The defendant proceeded to trial without ever having sought interlocutory relief from the bindover order or from either of the circuit court orders denying his motions to dismiss for lack of jurisdiction.

On the basis of the alleged closure error the defendant appealed. He requested a reversal of his conviction and a new trial to be preceded by a new preliminary hearing. He did not claim, however, that the alleged error at the preliminary hearing had any impact on the trial itself. We regard the trial to have been fair and errorless, completely untainted by the alleged error at the preliminary hearing.

The court of appeals in *State v. Webb,* 154 Wis. 2d 320, 453 N.W.2d 628 (Ct. App. 1990), agreed with the defendant that his sixth amendment right was violated by the circuit court's closure of the preliminary hearing. The court of appeals reversed the defendant's conviction and remanded the case for a new preliminary hearing in the circuit court if the defendant requested one in a timely manner. If the defendant were to do so, the court of appeals said, then the defendant's conviction should

be reinstated without a new trial should the new preliminary hearing, properly conducted, result in findings justifying a bindover for trial.

The state petitioned this court for review of the court of appeals decision. The defendant also petitioned for review of that portion of the decision adverse to him. Both petitions were held in abeyance pending our decision in *State v. Moats,* 156 Wis. 2d 74, 457 N.W.2d 299 (1990). After the decision in *Moats,* we granted both the petition and cross-petition in this case for review, designating the defendant as the "petitioner" and the state as the "cross-petitioner."

We do not decide the question of whether there was error at the preliminary hearing in this case, because we hold that a conviction resulting from a fair and errorless trial in effect cures any error at the preliminary hearing. Accordingly, a defendant who claims error occurred at his preliminary hearing may only obtain relief before trial. Thus, no relief is available to the defendant in the case at bar.

Our holding effectively overrules what up to now remained of *State v. Sorenson,* 135 Wis. 2d 468, 471, 400 N.W.2d 508 (Ct. App. 1986), *rev'd on other grounds,* 143 Wis. 2d 226, 421 N.W.2d 77 (1988). In *Sorenson,* the court of appeals held that the use of evidence at a preliminary examination in violation of the statutory rules of evidence required that the trial and resulting conviction be declared a nullity and the case be remanded for a new preliminary examination. In other words, based on the court of appeals holdings in *Sorenson* and this case, Wisconsin law up to now permitted a defendant to overturn his conviction after a fair and errorless trial simply by proving that error was committed at his preliminary hearing. A defendant was entitled to a new "probable

cause" hearing even though he already had an errorless "reasonable doubt" hearing in the form of the trial itself where guilt was established beyond a reasonable doubt.

Chapter 970, Stats., governing preliminary hearings, clearly does not provide for reversal of a conviction after an errorless trial for an error committed at the preliminary hearing. Nor will this court read such a remedy into the statutes. To vacate the judgment of conviction, dismiss the prosecution and require the state to start anew with a new complaint, a new preliminary hearing, and new trial would result in a substantial waste of judicial and prosecutorial resources. It would run "counter to a policy of conservation of time and resources to allow an entirely new trial." *See State v. Koput,* 142 Wis. 2d 370, 399, 418 N.W.2d 804 (1988).

The United States Seventh Circuit Court of Appeals, in *United States v. Fountain,* 840 F.2d 509, 514 (7th Cir.) *cert. denied,* 109 S. Ct. 533 (1988), in reference to a postconviction claim of evidentiary errors at a grand jury proceeding which errors were not repeated at trial, recently stated:

> [I]t is impossible to imagine evidence sufficient to produce a conviction at trial that would not also produce an indictment. So it would be silly to reverse a conviction on the ground that the evidence before the grand jury was insufficient.

As another court has said, the remedy of ordering a new preliminary hearing at this stage would be an exercise in futility. *See Commonwealth v. Murray,* 348 Pa. Super. 439, 452, 502 A.2d 624, 630 (1985). We agree.

If the remedy of remand for a deficient preliminary examination became the law, the state essentially could open and close its case with nothing more than a certified copy of the judgment of conviction. *See* sec.

908.03(22), Stats. Alternatively, the state simply could recall the child witness to the stand. Assuming she were to testify consistently with her previous preliminary hearing and trial testimony, the defendant would again be bound over. If she were to testify inconsistently with her former testimony, she would be impeached with her former testimony. Section 908.01(4)(a). If she were to become unavailable to testify at the new preliminary hearing for some reason, the state could simply introduce the transcript of her trial testimony to support the bindover. Section 908.045(1), Stats. *Moats,* 156 Wis. 2d at 91. In other words, the defendant cannot feasibly obtain appellate relief from a defective preliminary hearing after trial and valid conviction.[6]

Our holding reflects the rule that the "remedy should be appropriate to the violation." *Waller v. Georgia,* 467 U.S. 39, 50 (1984). To grant the defendant a new preliminary examination would be to give him an

---

[6]Our holding is tantamount to a finding of harmless error under sec. 805.18, Stats. Although we do not consider the issue directly, it is clear that any error at the preliminary hearing in the case at bar could be regarded as harmless error. *See, e.g., Whitty v. State,* 34 Wis. 2d 278, 285–86, 149 N.W.2d 557 (1967) (harmless error where defendant was improperly forced to waive his preliminary hearing in exchange for reduced bail). *See also Sparkman v. State,* 27 Wis. 2d 92, 101, 133 N.W.2d 776 (1965); *Coleman v. Alabama,* 399 U.S. 1, 11 (1970).

As the Seventh Circuit Court of Appeals stated in *United States v. Daniels,* 848 F.2d 758, 759 (7th Cir. 1988), involving errors in grand jury proceedings:

The authoritative determination of guilt establishes that any defects in the procedure did not lead to the accusation of an innocent person and shows that obtaining a new indictment would be a charade.

*See also United States v. Dawes,* 874 F.2d 746, 750 (10th Cir. 1989); *Hennigan v. State,* 746 P.2d 360, 372–73 (Wyo. 1987).

entirely disproportionate remedy. At most, the defendant might argue he is entitled to another preliminary hearing which would be open to the public. However, he already has had a jury trial open to the public, at which the victim testified. A new preliminary hearing under these circumstances would be a needless waste of time. A new preliminary examination would be futile and "a windfall for the defendant, and not in the public interest." *Id.* If the defendant wanted review of the preliminary hearing judge's exercise of discretion to obtain a new hearing, he should have sought immediate review in the court of appeals by interlocutory appeal.

For us to grant relief at this point also would ignore the interest of the young sexual assault victim who already has testified twice. As this court stated in *Moats,* 156 Wis. 2d at 91:

> This would require a five-year old sexual assault victim to testify twice, at the preliminary examination and at the trial, which would be traumatic for her. She has already suffered the emotional effect caused by the defendant's attack. To require her to testify again when the conclusion is foregone because the defendant was found guilty in a fair trial would be unnecessarily cruel.

*See also State v. Grant,* 139 Wis. 2d 45, 54–55, 406 N.W.2d 744 (1987).

In *Moats,* 156 Wis. 2d at 82–83, we declined to overrule *Sorenson* because the issue it presented was not directly before us there and so had not been briefed. At that time, we indicated a concern that overruling *Sorenson* might possibly have the effect of overburdening the court of appeals administratively. *Id.* We now consider that it would not be good jurisprudential practice to maintain the *Sorenson* rule simply as a means of limit-

ing the court of appeals caseload. It is not in the interest of justice or sound judicial administration to punish the state with an unwarranted reversal of conviction obtained after a fair and errorless trial. The defendant would reap an unjustified windfall of a new trial for errors having no impact on the preliminary examination.

Moreover, we do not think that our overruling of *Sorenson* will have a significant impact on the court of appeals caseload. We note in this regard that the court of appeals has control over the number of pretrial appeals it hears. When pursuing an interlocutory appeal, a defendant must demonstrate to the court of appeals that review of the bindover order will materially advance the termination of the case or clarify further proceedings, protect the defendant from irreparable harm, or clarify an issue of general importance in the administration of justice. Section 808.03(2), Stats. The defendant must also show a substantial likelihood of success on the merits. *See* D. Walther, P. Grove & M. Heffernan, *Appellate Practice and Procedure in Wisconsin,* sec. 9.2 at 9–2 (1990).[7] There is no evidence that any floodgates were opened at the court of appeals when this court encouraged the court of appeals to grant interlocutory petitions for leave to appeal in cases involving double jeopardy claims and juvenile waiver orders. *See State v.*

[7]In at least those cases where the defendant is challenging the sufficiency of the evidence to support a bindover, the standard of review is rather narrow. *See State v. Williams,* 104 Wis. 2d 15, 20–21, 310 N.W.2d 601 (1981) (defendant challenging the sufficiency of the evidence will lose on appeal if there is any substantial evidence to support the preliminary hearing judge's finding of "probable cause"). In light of this stringent standard of review, it may be difficult for a given defendant to establish a substantial likelihood of success on the merits in such cases.

*Jenich,* 94 Wis. 2d 74, 97a–c, 288 N.W.2d 114 (1980); *State ex rel. A.E. v. Green Lake County Cir. Ct.,* 94 Wis. 2d 98, 105d, 288 N.W.2d 125 (1980). Similarly, we think that our overruling of *Sorenson* will not open any such "floodgates." [8]

---

[8]There will always be cases where interlocutory review is appropriate and justified. Interlocutory review is appropriate in those cases presenting questions of law that will recur at trial. *See State v. Antes,* 74 Wis. 2d 317, 323-26, 246 N.W.2d 671 (1976) (involving a pretrial appellate challenge to determine the question of law whether an unloaded pellet gun is a "dangerous weapon"). Also appropriate for pretrial review would be a challenge on the ground that the prosecution is preempted by federal law. *See State ex rel. Cornellier v. Black,* 144 Wis. 2d 745, 425 N.W.2d 21 (Ct. App. 1988). Such issues would have to be reviewed at the postconviction stage if not reviewed at the pretrial stage.

Other errors where pretrial appellate review would be appropriate include constitutional challenges to the prosecution. Challenges to the subject matter jurisdiction of the circuit court to proceed would also be appropriate for interlocutory appeal. This is so because defects in subject matter jurisdiction cannot be waived and do survive the judgment of conviction. *See e.g., Chicago & N.W.R. Co. v. La Follette,* 27 Wis. 2d 505, 512, 135 N.W.2d 269 (1965); *Moreland Corp. v. Retail Store Employees Union,* 16 Wis. 2d 499, 502, 114 N.W.2d 876 (1962). Also appropriate for pretrial appellate review would be legitimate challenges to the personal jurisdiction of the circuit court, such as where the evidence in the complaint or at the preliminary hearing indicates that the crime was committed outside the State of Wisconsin. *See State ex rel. Zdanczewicz v. Snyder,* 131 Wis. 2d 147, 151, 388 N.W.2d 612 (1986).

Because we do not anticipate that our decision will open any "floodgates," does not mean, as the dissent submits, that the court of appeals is bound "to grant few leaves to appeal" as a practical result of our decision. Dissent op. at 638. There is nothing in this opinion that indicates the court of appeals is likely to grant few leaves to appeal. The court of appeals does not examine

■
The defendant has argued that a defective preliminary hearing creates a "jurisdictional" defect that survives the conviction and voids it *ab initio*. *See Sorenson,* 135 Wis. 2d at 475–76 (Eich, J., concurring). The defendant's challenge is founded on archaic notions of jurisdiction which did not survive the revision of the criminal code in 1969. *See State ex rel. McCaffrey v. Shanks,* 124 Wis. 2d 216, 224–31, 369 N.W.2d 743 (Ct. App. 1985).

Our response to the defendant's jurisdiction argument follows from *Moats.* In *Moats,* 156 Wis. 2d at 89–91, we effectively rejected the notion that defects at the preliminary hearing have anything whatsoever to do with the personal or subject matter jurisdiction of the circuit court. We stated specifically that:

> The trial court's subject matter and personal jurisdictions do not depend on the existence of a preliminary examination. The complaint, which is not challenged, sufficiently established the jurisdiction of the trial court. Any defects at the preliminary hearing

---

appeals from the standpoint of the number of cases it might hear, but rather on the respective merits of those cases, as we have described immediately above. That practice is not changed by this opinion.

The dissent also arrives at the inconsistent conclusion that the majority decision requires that the court of appeals "will have to grant all the petitions for leave to appeal a bindover order," dissent op. at 638–639. This conclusion by the dissent is ill-founded. Again, the court of appeals will make its decision as to whether to grant a petition for leave to appeal on the basis of the merits of the case.

The dissent's reference to "substantial and irreparable harm" to a defendant, dissent op. at 640, ignores the fact that the defendant in this case had a fair and errorless trial.

could not therefore adversely affect the court's jurisdiction at a later stage of the proceeding.

Although *Moats* involved the use of unconstitutionally obtained evidence at the preliminary hearing and not, as in *Sorenson,* the use of inadmissible hearsay to support a bindover, the language of *Moats* applies to situations such as in *Sorenson* and the instant case. Our holding indicates that no procedural defect of any sort at the preliminary hearing affects the circuit court's jurisdiction to proceed to trial. The defendant's argument fails.

We note that the concepts of appellate review after conviction and appellate relief for errors having no impact on the conviction are not synonymous. *See State v. Schumacher,* 144 Wis. 2d 388, 405-06, 416-20, 424 N.W.2d 672 (1988); (Abrahamson, J., concurring). Thus, our holding does not mean that a defendant in Webb's situation does not have a right to obtain review of an alleged error at the preliminary hearing on appeal from the judgment of conviction. Even though he is not able to obtain postconviction appellate relief for error at the preliminary hearing, he may have the right to review. *See* sec. 809.10(4), Stats. The issue may be ripe for review even if no relief is possible, if the constitutional claim is an issue of public importance and the problem is likely to recur.[9]

---

[9]This essentially was the point made in *Globe Newspaper Co. v. Superior Court for the Cty. of Norfolk,* 457 U.S. 596, 600, 602-03 (1982), wherein the United States Supreme Court, agreeing with the Massachusetts Supreme Judicial Court, said that even though an appellate challenge to a pretrial closure after the defendant was tried and acquitted was moot, the issues were significant and likely to recur and so were worthy of judicial consideration. As to the matter of relief, in *People v. Pampa-Ortiz,* 612 P.2d 941, 946-47 (1980), the California Supreme Court

We emphasize that our holding applies only when the defendant fails to seek relief prior to trial. A defendant is not without remedy prior to trial. If the defendant is dissatisfied with what occurred at the preliminary hearing, he can seek relief before trial in a motion to dismiss brought before the trial court based on errors or insufficiencies of the preliminary hearing. He may challenge his bindover by way of a permissive interlocutory appeal from the non-final order binding him over for trial. Section 809.50, Stats. Further, he may challenge the bindover by supervisory writ if he can show that there was in fact a defect in subject matter or personal jurisdiction. Section 809.51.[10]

In conclusion, we hold that no relief is available to the defendant in the case at bar. We reach the same conclusion as to any appeal following a fair and errorless trial which raises error at the preliminary hearing. A defendant who claims error occurred at the preliminary hearing may only obtain relief prior to trial.

*By the Court.*—The decision of the court of appeals is reversed.

---

held that the right to relief, without showing prejudice, is limited to pretrial appellate challenges by way of an extraordinary writ to a preliminary hearing; the defendant must establish prejudicial errors on appeal from the conviction. *See also, Des Moines Register & Tribune v. Iowa District Ct. for Story County,* 426 N.W.2d 142, 143 (Iowa 1988).

[10]For example, in *Stevens,* 141 Wis. 2d 239, this court reviewed a challenge to the closure of a preliminary hearing on a pretrial petition for a supervisory writ. Because of the timing of the defendant's challenge, the court was able to tailor appropriately limited relief for violation of his right to a public preliminary hearing in that case.

DAY, J. (concurring).  I join the majority opinion. I write separately only in refutation of the assumption of the dissent (dissent op., pp. 638–639) that as a result of the majority opinion, "the court of appeals adhering to sec. 808.03(2) and sec. (Rule) 809.50 will *have to grant all the petitions for leave to appeal* a bindover order." (Emphasis added) (footnotes omitted).

Neither statute cited requires such a conclusion. Such a rule would unnecessarily load the court of appeals calendar with frivolous and meritless appeals. It would of course unnecessarily postpone the eventual trial of the particular case. This would give criminal defendants another unnecessary tool to thwart the system of justice. That is not the purpose of a preliminary hearing.

The court of appeals should continue to do what it now does: look at each petition and decide whether an interlocutory appeal is warranted in the particular case.

I am authorized to state that Justice Callow joins in this concurring opinion.

LOUIS J. CECI, J. (concurring).  I fully agree with the court's opinion and write separately to express my view that the position advocated by the dissent will create yet another excuse to overrule a conviction obtained in an error-free trial. The defendant in this case concedes that he was accorded all the rights he was entitled to under the Wisconsin Constitution and the United States Constitution, to wit, a full, fair, error-free trial by his peers. However, he asks this court to overturn his conviction because of error in the preliminary hearing. The majority correctly refuses to do so because the Wisconsin Constitution and the United States Constitution only require that a defendant receive "a speedy public trial by an impartial jury . . .." Wis. Const. art. I, sec. 7; U.S. Const. amend. VI. The defendant concedes he was

given such a trial. Accordingly, his conviction should be affirmed.

SHIRLEY S. ABRAHAMSON, J. (dissenting). The majority opinion changes longstanding rules of appellate practice and mandates that an accused seek leave to appeal a bindover order entered after a preliminary hearing in the court of appeals. As a result, even though the defendant in this case followed the appellate procedure in existence at the time of his preliminary hearing and trial and properly sought review of errors in the preliminary hearing after conviction,[1] the defendant loses his right of appellate review of his claim that his constitutional right to a public trial has been denied. I dissent because I think the newly adopted rule should not apply to this defendant.

Although the majority opinion grants an accused a means of obtaining appellate review of a bindover order, it assumes that the court of appeals, which can control the number of appeals from pre-final judgments it hears, is likely to grant few leaves to appeal. If so, the procedure this decision adopts seriously erodes the preliminary hearing as a protection for the accused, and I would not favor the newly adopted procedure.

I believe that the court of appeals adhering to sec. 808.03(2)[2] and sec. (Rule) 809.50[3] will have to grant all

---

[1]When the defendant was tried no rule, statute, or case required the defendant to pursue an interlocutory appeal to preserve his legal rights. *State v. Olson,* 75 Wis. 2d 575, 584, 250 N.W.2d 12, 17 (1977); *State v. Sorenson,* 135 Wis. 2d 468, 471, 400 N.W.2d 508, 510 (Ct. App. 1986), *rev'd on other grounds,* 143 Wis. 2d 226, 421 N.W.2d 77 (1988); *State ex rel. McCaffrey v. Shanks,* 124 Wis. 2d 216, 224, 369 N.W.2d 743, 748 (Ct. App. 1985).

[2]Section 808.03(2), Stats. 1989–90, provides as follows:

the petitions for leave to appeal a bindover order. The procedure adopted by this decision makes the court of appeals the first, last and only court with jurisdiction to review claims of errors in the preliminary hearing.[4] Therefore, unless the court of appeals grants leave to appeal, the petitioner will lose his or her only right to

**(2) Appeals by permission.** A judgment or order not appealable as a matter of right under sub. (1) may be appealed to the court of appeals in advance of a final judgment or order upon leave granted by the court if it determines that an appeal will:

(a) Materially advance the termination of the litigation or clarify further proceedings in the litigation;

(b) Protect the petitioner from substantial or irreparable injury; or

(c) Clarify an issue of general importance in the administration of justice.

[3]Section (Rule) 809.50, Stats. 1989–90, provides as follows:

**809.50 Rule (Appeal from judgment or order not appealable as of right). (1)** A person shall seek leave of the court to appeal a judgment or order not appealable as of right under s. 808.03 (1), by filing within 10 days of the entry of the judgment or order a petition and supporting memorandum, if any. The petition must contain:

(a) A statement of the issues presented by the controversy;

. . .

(c) A statement showing that review of the judgment or order immediately rather than on an appeal from the final judgment in the case or proceeding will materially advance the termination of the litigation or clarify further proceedings therein, protect a party from substantial or irreparable injury, or clarify an issue of general importance in the administration of justice . . ..

[4]In petitions to appeal from bindover orders, the court of appeals must determine whether the petitioner obtains an *immediate* review or *never* obtains a review. In contrast, in other appeals from non-final orders the court of appeals looks at the equities of each individual case to determine whether the aggrieved party should obtain *immediate* appellate review of a non-final order instead of review *at a later time* on appeal of the final order.

appeal and may be subjected to the "substantial and irreparable harm" of a criminal trial. The substantial and irreparable harm to the petitioner is the "embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green v. United States,* 355 U.S. 184, 187–88 (1957).

As the majority opinion acknowledges, the court of appeals will have to examine each petition for arguable merit. The more meritorious the claim, the greater the risk of substantial and irreparable harm if the court of appeals does not grant petitioner leave to appeal. The court of appeals will be examining the merits of the petition without the benefit of the record or full briefs on the issues. This is a cumbersome and error-prone procedure.

Accordingly, in order to handle petitions for leave to appeal from bindovers fairly without delay in criminal trials and in compliance with sec. 808.03(3) and sec. (Rule) 809.50, the court of appeals will have to grant each petitioner (1) leave to appeal, (2) a stay of the criminal proceeding on petitioner's request, and (3) an expedited appeal. Unless the court of appeals adopts such a procedure defendants will be deprived of meaningful review of bindover orders. The court of appeals now uses this type of procedure for petitions for leave to appeal in cases involving double jeopardy claims and juvenile waiver orders.[5]

---

[5]This case differs from appeals on double jeopardy claims and juvenile waiver orders, with which the majority opinion analogizes this case, majority op. pp. 632–633, because in these cases the defendant's failure to seek an interlocutory appeal does not forfeit review of the error on appeal of the final judgment. See *State ex rel. A.E. v. Circuit Court for Green Lake County,* 94 Wis.

The majority opinion places sole responsibility on the court of appeals to review bindovers from preliminary hearings but does not acknowledge the possible effect this new procedure may have on the court of appeals' docket. The majority opinion merely assures the judges of the court of appeals (now struggling with 3,000 appeals filed last year) that this decision will not increase their workload significantly. The state[6] and the defendant[7] disagree whether the number of petitions for leave to appeal bindover orders will increase significantly. Regardless of whether the number of petitions increases substantially, the court of appeals' workload in handling petitions for leave to appeal bindover orders will increase as a result of this decision. This court, as well as the court of appeals, should monitor these petitions to determine whether further action should be taken.

For the reasons set forth, I dissent.

I am authorized to state that Justice William A. Bablitch joins in this dissent.

---

2d 98, 288 N.W.2d 125 (1980) (juvenile waiver), and *State v. Jenich,* 94 Wis. 2d 74, 288 N.W.2d 114 (1980) (double jeopardy).

[6]The state argues that defendants will not ordinarily petition for leave to appeal from bindover orders because a successful appeal results only in another preliminary hearing and the likelihood of avoiding trial is limited.

[7]The defendant predicts an increase in the number of petitions, because failure to file a petition will constitute a waiver of any defects at the preliminary and might give rise to claims of ineffective assistance of counsel.